Celia Pilafas, Plaintiff-Appellant, v. Steve Pilafas, Defendant-Appellee. The Mid-City National Bank of Chicago, a Banking Corporation, Garnishee Defendant-Appellee.

### Gen. No. 48,829.

First District, Second Division.

January 8, 1963.

Milton S. Applebaum, of Chicago (Raymond K. Fried, of counsel), for appellant.

Gomberg, Missner & Lacob, of Chicago (Sidney D. Missner, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

On February 5, 1962 a judgment was entered against defendant for $1290, the amount in arrears for child support directed to be paid in a divorce decree. Thereupon the plaintiff caused a summons in garnishment to be issued and served on the Mid-City National Bank of Chicago. On February 27, 1962 the defendant filed a petition reciting that he had issued three checks aggregating $550 payable to the order of James Pilafas and Irene Pilafas, the children of the parties for their tuition at the University of Arizona, that the bank would not pay the checks when and if presented because of the garnishment proceeding and that nonpayment of the checks will cause the children considerable embarrassment. On the day the petition was

filed the court entered an order directing the garnishee to pay the checks.

Thereafter plaintiff filed her petition to vacate the order. The garnishee's answer stated that on the day the summons was served, February 6, 1962, it had funds to the credit of the defendant in the sum of $808.17, that in compliance with the order of February 27, 1962 it honored two checks to the children totaling $500, that the bank had rendered services in the matter for which a fair and reasonable charge would be $100 which it was entitled to retain out of the funds of defendant. The court denied plaintiff's petition to vacate the order of February 27, 1962, allowed the garnishee $100 for the services of its attorney in the case, directed the garnishee to hold $50 for the purpose of honoring a check payable to one of the children, denied plaintiff's motion for judgment for $808.17 and entered judgment for the use of plaintiff and against the garnishee in the amount of $158.17. Plaintiff appeals.

■■ The judgment became a lien on the indebtedness of the garnishee to the defendant at the time of the service of the garnishment summons and remained a lien thereon pending the garnishment suit. Ill Rev Stats, 1961, c 62, § 39. The defendant's petition claiming embarrassment of his children was insufficient to justify the release of the garnishment lien. The defendant, with no claim of poverty, says only that the garnishment may cause the parties' two other children considerable embarrassment at the University. It would seem that the easiest course of action for the defendant would be to deposit enough money with garnishee to honor all his obligations.

■ The second point urged by plaintiff is that the court erred in allowing $100 as an attorney's fee to the garnishee. There was no showing of an agreement between the garnishee and the defendant that should there be a garnishment proceeding reasonable attor-

71

ney's fees could be charged against its depositor. We cannot find any basis in the record for deducting from the plaintiff the $100 fee of the bank's attorney.

The garnishee did not appear or file a brief in this court. The defendant says that because the evidence was not preserved or presented to us the judgment should be affirmed. In Continental Paper Grading Co. v. Howard T. Fisher & Associates, Inc., 3 Ill App2d 118, at 123, 120 NE2d 577, we restated the rule that where this court is asked to review issues of law a report of trial proceedings is not necessary. Defendant also cites Curran v. Harris Trust and Sav. Bank, 2 Ill App2d 395, 119 NE2d 483, for the proposition that where a bank has a contract with a depositor the bank has the right to charge the depositor for attorney's fees incurred in garnishment and other court proceedings. The garnishee's answer in the instant case does not claim that it had a contract with its depositor containing such a provision.

For these reasons the judgment is reversed and the cause is remanded with directions to enter judgment for $808.17 in favor of defendant for use of Celia Pilafas, plaintiff, and against the garnishee.

Judgment reversed and cause remanded with directions.

BRYANT, P. J. and FRIEND, J., concur.