JUDITH MILLER SOMORA, Plaintiff-Respondent, *v.* JAMES P. AHSTROM, JR., M.D., Defendant-Petitioner.

(No. 56438; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First District—July 31, 1972.

William D. Maddux and John M. O'Connor, Jr., both of Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, for petitioner.

David Alswang, of Chicago, for respondent.

Mr. JUSTICE BURKE delivered the opinion of the court:

A petition for leave to appeal was filed by the defendant from an order granting the plantiff's motion for a new trial. The petition was allowed by this Court.

On October 2, 1970, a four-count amended complain for medical malpractice was filed by the plaintiff against the defendant, alleging in Count I, negligence in the performance of an operation upon the plaintiff; alleging in Count II, no consent to the operation; alleging in Count III, contract warranty with regard to the results of the operation; and alleging in Count IV, informed consent, in that plaintiff would not have consented to the operation had the defendant fully informed her of all the results which could possibly flow from the operation.

The case was assigned to Judge Braude for trial with a jury. After extensive testimony at the trial Judge Braude (hereinafter "trial judge") refused to instruct the jury on two of the four counts in the amended complaint, and the jury returned a verdict of no liability on the other two counts. Judgment was entered on the jury's verdict on December 10, 1970.

On December 21, 1970, plaintiff filed a post-trial motion seeking a new trial and setting out thirty-nine grounds in support thereof. Sometime between the entry of the judgment on December 10, 1970, and January 7, 1971, the trial judge died, and on January 7th hearing on the motion was assigned to Judge Brussell (hereinafter "motion judge.") Plaintiff thereafter filed an affidavit in connection with the motion, representing that although a court reporter was in attendance at the trial, plaintiff lacked sufficient funds to have the report of proceedings transcribed. Plaintiff's counsel also filed a memorandum of law in support of the motion, as well as his affidavit setting out what matters he recalled were testified to by various witnesses during the course of the trial relating to the grounds set out in the motion.

Defendant's counsel filed an affidavit objecting to plaintiff's use of affidavits in support of the motion, in lieu of a report of proceedings, and alleging that his affidavit was filed solely because it was so ordered by the motion judge. The latter affidavit also set out the defendant's counsel's recollection of the testimony of the various witnesses at the trial pertaining to the grounds set out in the motion for a new trial, and contradicted the affidavit filed by plaintiff's counsel in substantial respects.

At the hearing on the motion for a new trial, the motion judge commented that the "affidavits raise some issues of fact and some issues of law." The judge was of the belief that the trial judge took Counts II and III from the jury at the close of the evidence at the trial, but he commented extensively concerning the elements of which Count IV was composed. (Defendant, however, represents in his brief filed in this Court that the trial judge took Counts III and IV from the jury at the close of the evidence at trial.) At the conclusion of the hearing on the motion the motion judge recognized that he was "faced with a difficult situation" and found that the trial judge's failure to instruct the jury on the matters taken from them warranted a new trial.

■■ We recognize that a motion for a new trial may be heard by a judge other than the judge who presided at the trial of the cause under appropriate circumstances. (*Fessler v. Weiss*, 348 Ill.App. 21, 107 N.E.2d 795; *Morton v. Louisville & N.R.R. Co.*, 8 Ill.App.2d 474, 131 N.E.2d 816.) It is also true that it is unnecessary to present to the judge at a hearing on a motion for a new trial a report of the proceedings which

transpired at the trial of the matter, in every instance. See generally 58 Am.Jur.2d, New Trial, pars. 209, 210.

■■ We are of the opinion that under the circumstances the motion judge should have required a report of proceedings to be submitted for his use in the disposition of the motion for a new trial. He was unfamiliar with what transpired at the trial. The affidavits by which counsel attempted to present the proceedings at the trial to the successor judge were in conflict as to the facts at the trial. The motion judge commented that he "believed" that Counts II and III were taken from the jury. He spent considerable time discussing the elements of Count IV. Both counsel differed as to the testimony of the witnesses at the trial. The motion judge should not have proceeded with the motion for a new trial without the benefit of a transcript of the trial proceedings.

For these reasons the order granting the new trial is reversed and the cause is remanded with directions to enter judgment in accordance with the jury's verdict.

Order reversed and cause remanded with directions.

GOLDBERG, P. J., and LYONS, J., concur.