SAMUEL BELCHER *et al.*, Plaintiffs-Appellants, *v.* ESTHER SPILLMAN, Defendant-Appellee.

(No. 60984;

First District (1st Division)—May 19, 1975.

William Stanley Walsh and Charles G. Walsh, Jr., of Chicago, for appellants.

Richard L. Clayter, of Chicago, for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Samuel Belcher, Olivia S. Belcher and Raymond R. Belcher (plaintiffs) by Charles G. Walsh, Jr., their attorney in fact, brought forcible entry and detainer proceedings against Esther Spillman (defendant) for possession of real estate in Chicago. (Ill. Rev. Stat. 1973, ch. 57.) On July 29, 1974, after trial without a jury, the court "heard the evidence and the arguments of counsel" and entered a finding for defendant with judgment on the finding. Plaintiffs appeal.

We need not state the respective contentions of the parties on the merits of the case. The reason for this will appear readily from the fol-

lowing statement regarding the balance of the record before us. The record contains a memorandum of facts and law filed by plaintiffs and a brief and memorandum filed by defendant. These documents appear to have been filed on the day of trial at the request or suggestion of the court. Plaintiffs' memorandum contains a statement of fact consisting of one typewritten page. Defendant's brief contains a statement of fact covering approximately two pages. Neither of these documents states any of the pertinent facts with reference to the time of the filing of the complaint.

The record also shows a notice of appeal filed by plaintiffs on August 2, 1974. On August 8, 1974, plaintiffs filed a praecipe calling for all papers and exhibits and all matters of record, including a certificate that the above would constitute a complete record of all proceedings had in the court. Pursuant to written notice served upon counsel for defendant by mail on September 6, 1974, plaintiffs served upon defendant a proposed report of proceedings. In this notice, plaintiffs requested approval of the proposed report under Supreme Court Rule 323. This proposed report of proceedings, consisting of two pages, was filed on September 11, 1974. On the same date, defendant filed written objections to the proposed report concerning the accuracy of certain of the statements therein and bringing out other matters not pertinent here. On September 11, 1974, after argument of counsel, the trial court ordered that defendant's objections to plaintiffs' proposed report of proceedings were sustained. On September 20, 1974, the trial court entered an order extending the time for filing the proposed report of proceedings 14 days. No other or additional order appears in the record regarding the proposed report of proceedings.

Apparently no verbatim transcript of the evidence was made by a court reporter. Consequently, if the plaintiffs as appellants wished a reviewing court to consider the evidence upon which the judgment appealed from was based, it was necessary for them to prepare and file a so-called bystander's report of proceedings, in accordance with the requirements of Supreme Court Rule 323(c). 50 Ill.2d R. 323(c).

This rule provides that the appellants (plaintiffs) were to serve the proposed report of proceedings within 14 days after filing of the notice of appeal. This was not done and the proposed report was not served upon defendant's attorney until virtually 30 days after filing of the notice of appeal. The rule further provides for service of proposed amendments to the proposed report of proceedings and for the presentation of these matters to the court by the appellants (plaintiffs) "for settlement and approval." The rule further provides:

"The court, holding hearings if necessary, shall promptly settle, certify and order filed an accurate report of proceedings."

■■ Under the situation which thus appears from this record, the proposed report of proceedings has never been presented to the trial court for settlement, certification and filing. Furthermore, the time for this procedure has long since passed. (*Renfield v. Modern Liquors, Inc.*, 55 Ill.2d 546, 304 N.E.2d 626.) It has been consistently held by the reviewing courts of Illinois that it is the duty of any appellant, in this case the plaintiffs, who wishes to proceed in a reviewing court properly to preserve the entire record of proceedings so that the reviewing court may be fully informed of the issues before it. (*La Pierre v. Oak Park Federal Savings & Loan Association*, 21 Ill.App.3d 541, 546, 315 N.E.2d 908; *Interstate Printing Co. v. Callahan*, 18 Ill.App.3d 930, 932, 310 N.E.2d 786, and *Cohen v. Washington National Insurance Co.*, 2 Ill.App.3d 149, 276 N.E.2d 6.) We learn also from these authorities that, where the record does not disclose all of the evidence to the reviewing court, we are required to assume that the evidence heard by the trial court is sufficient to support the judgment.

■■ Furthermore, it has been held that neither a post-trial motion (*Interstate Printing Co. v. Callahan*, 18 Ill.App.3d 930, 933, 310 N.E.2d 786) nor a motion for judgment notwithstanding the verdict (*La Pierre v. Oak Park Federal Savings & Loan Association*, 21 Ill.App.3d 541, 546, 315 N.E.2d 908) may be employed as a substitute for a report of proceedings. It follows that we are required to affirm the judgment appealed from.

However, able counsel for plaintiffs attempt to bring this situation outside of the rules thus stated by urging that the briefs filed by the opposing parties constitute binding admissions of fact which are the highest and best type of evidence so that this court should proceed to review the case, apparently on the basis of the statements contained in the briefs filed by the parties before the trial court. It is manifestly clear that plaintiffs cannot rely on the statements in their own brief for this purpose, as this material all constitutes self-serving statements. (*Owen v. Pret' A Porter Boutique, Inc.*, 15 Ill.App.3d 438, 442, 302 N.E.2d 672.) As regards alleged admissions by defendant's brief and memorandum, plaintiffs were required to establish that they were entitled to possession at the time the suit was filed. The factual admissions by defendant on which plaintiffs attempt to rely, however, relate to some prior time and nothing contained therein brings the right of possession to the time of filing of plaintiffs' complaint.

■■ Counsel for plaintiffs apparently were well aware of the legal necessity for presenting a proper report of proceedings as a necessary condi-

tion to appellate review, as shown by the various steps they took to attain this objective. Under the authorities above cited, we are, therefore, required to assume that the evidence presented at trial was sufficient to support the judgment, and to affirm the judgment appealed from.

Judgment affirmed.

EGAN and SIMON, JJ., concur.