ABBEY PLUMBING & HEATING, INC., d/b/a Emergency Plumbing & Sewerage Service Co., Plaintiff-Appellee, *v.* EDWARD BROWN *et al.,* Defendants-Appellants.

First District (2nd Division)   No. 76-62

Opinion filed April 5, 1977.—Rehearing denied April 28, 1977.

Harry George, of Chicago (Patrick James Perretti, of counsel), for appellants.

No brief or appearance filed for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Abbey Plumbing & Heating, Inc., d/b/a Emergency Plumbing & Sewerage Service Co., filed a small claim complaint (Ill. Rev. Stat. 1973, ch. 110A, pars. 281-288), alleging that Edward and Bessie Brown, defendants, owed plaintiff the sum of $735 in payment for certain plumbing work, labor, and materials requested by and furnished to defendants. Defendants, by counsel, filed their appearance, but no responsive pleading. Under such circumstance, Supreme Court Rule 286 provides that "the allegations of the complaint will be considered denied and any defense may be proved as if it was specifically pleaded."

Upon trial of the cause without a jury, the trial court found for plaintiff and entered judgment in favor of plaintiff against defendants in the amount of $735. A motion to vacate judgment was subsequently denied by the trial court. Defendants appeal from the judgment and the denial of their motion to vacate judgment.

■■ Plaintiff has not filed an appearance or brief in this court. Despite plaintiff's failure to file a response to defendants' brief, we will consider the merits of this appeal. If defendants' brief demonstrates *prima facie* error and the contentions are supported by the record, the judgment of the trial court shall be reversed. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

Defendants raise the following issues for our review: (1) whether the trial court erred by refusing to admit evidence of plaintiff's alleged lack of corporate existence; (2) whether plaintiff lacks capacity to sue because it is allegedly delinquent in payment of certain franchise taxes and license fees; (3) whether there exists a fatal variance between the pleadings and the proof adduced at trial; and (4) whether the trial court erred by denying defendants' motion to vacate judgment, whose allegations defendants maintain should be accepted as true because they were not specifically denied by plaintiff.

I.

■■ Defendants have not included a report of proceedings in the record on appeal, as required by Supreme Court Rule 323 (Ill. Rev. Stat. 1973, ch. 110A, par. 323). It is the responsibility of the appellant to see that

the record on appeal is complete. (*Nelson v. Nelson* (1st Dist. 1974), 17 Ill. App. 3d 651, 656, 308 N.E.2d 132.) In the absence of a report of proceedings, the issues raised for which evidence at trial would be necessary to our determination are not subject to review by this court. *Lesser v. Village of Mundelein* (2d Dist. 1975), 36 Ill. App. 3d 433, 439, 344 N.E.2d 29; *La Pierre v. Oak Park Federal Savings & Loan Association* (1st Dist. 1974), 21 Il. App. 3d 541, 546, 315 N.E.2d 908.

Compliance with Rule 323 is not an onerous burden for a small claims appellant. If a verbatim transcript of the lower court proceedings is unobtainable, the Rule provides for the filing of certain inexpensive, acceptable substitutes. The parties by written stipulation may agree upon a statement of facts material to the controversy (323(d)); or the party bringing the appeal may prepare a bystander's report from the best available sources, including recollection (323(c)). In *Libman v. Gipson* (3d Dist. 1968), 93 Ill. App. 2d 62, 235 N.E.2d 670, the defendant-appellant in a small claims action neglected to include a report of proceedings in the record on appeal. The action was based on a note given by defendant in return for an automobile part and service. Defendant contended that the part had been installed in an automobile which had been purchased under an installment contract and was later reclaimed and resold for an amount in excess of that owed by defendant to plaintiff's assignor. The reviewing court held that, even if defendant's theory was legally sound, the record was insufficient to determine the issue raised.

■■ In the case at bar, the record is similarly insufficient to determine the first three issues raised by defendants. Although we do learn of incidents occurring at trial from information contained in defendants' motion to vacate judgment, this information does not help defendants' position because a post-trial motion is not a substitute for a report of proceedings. (*Belcher v. Spillman* (1st Dist. 1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550.) The "statement of facts" contained in defendants' appellate brief also does not provide us with the information needed for a determination. Without adequate support in the record, the "statement of facts" lies outside the record and may not be considered on this appeal. (*Page v. Helland* (1st Dist. 1974), 17 Ill. App. 3d 414, 308 N.E.2d 333 (abstract opinion).) As stated in *Belcher v. Spillman*, "* * * we are, therefore, required to assume that the evidence presented at trial was sufficient to support the judgment * * *." (28 Ill. App. 3d 973, 976.) We need to examine the evidence offered at trial in order to determine the first three issues raised by defendants. As that evidence is not before us, such issues shall not be reviewed. See *Libman  Gipson*, 93 Ill. App. 2d 62, 64.

## II.

■■■ Defendants' fourth issue presents a question of law which may be reviewed by this court in the absence of a report of proceedings. (*Pilafas v. Pilafas* (1st Dist. 1963), 39 Ill. App. 2d 69, 72, 188 N.E.2d 235.) Defendants contend that the denial of their motion to vacate judgment was reversible error. This is a specious argument based on the incorrect theory that the allegations contained in the motion should have been accepted as true by the trial court because plaintiff did not answer and deny the allegations. Defendants' motion was made pursuant to section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch.110, par. 68.3), which provides for post-trial motions in non-jury cases. We know of no statutory provision nor case law, and defendants have not directed us to any authority, which treats a section 68.3 motion like a formal pleading whose allegations must be considered true unless specifically denied by the nonmovant party. A motion to vacate is designed to alert the trial court to errors it has committed and afford an opportunity for their correction. It is addressed to the trial court's discretion. (*Mills v. Ehler* (1950), 407 Ill. 602, 611, 95 N.E.2d 848.) Based on the record presented to this court, we cannot say that the trial court abused its discretion in denying defendants' motion to vacate judgment. In the absence of a report of proceedings, we must assume the trial court heard sufficient evidence upon which to base its judgment. *Croft v. Lamkin* (5th Dist. 1969), 112 Ill. App. 2d 321, 327-28, 251 N.E.2d 88.

For the foregoing reasons, we conclude defendants' brief does not demonstrate *prima facie* error. The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS and PERLIN, JJ., concur.