INVESTORS SHELTER CORPORATION, Plaintiff-Appellant, *v.* RICHARD D. CHERNICK, Defendant-Appellee.

First District (4th Division)   No. 77-1193

Opinion filed March 9, 1978.

Alan Kawitt, of Chicago, for appellant.

Richard D. Chernick, of Palos Heights, for appellee, *pro se.*

Mr. JUSTICE ROMITI delivered the opinion of the court:

Plaintiff, Investors Shelter Corporation, entered into a 1-year residential lease with defendant, Richard Chernick. The lease contained a cognovit provision. Defendant vacated the premises with 3 months remaining in the term of the lease. Plaintiff confessed judgment against defendant for $912.50 which included attorney's fees. However, at a subsequent hearing judgment was entered for defendant. Plaintiff appeals contending that defendant failed to prove his claim of a constructive eviction.

We affirm.

The record merely recites that the trial court heard evidence, arguments of counsel and was "fully advised in the premises" before judgment was entered for defendant. The record does not contain a verbatim transcript of the trial proceedings, a factual stipulation by the parties or bystanders' report of proceedings as required by Supreme Court Rule 323. (Ill. Rev. Stat. 1975, ch. 110A, par. 323.) And the briefs filed by the parties contain factual assertions which are not in agreement concerning the issue of whether a constructive eviction occurred thereby negating defendant's lease obligation.

■■■ The burden is on the plaintiff, as appellant, to present a record

of sufficient completeness in order to question the quantum of the evidence pertaining to an issue raised at trial. (*Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 907, 342 N.E.2d 748.) Factual allegations contained in a post-trial motion may not be used as a substitute for a proper report of proceedings. (*Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550.) And in the absence of a proper record it is presumed sufficient evidence was properly presented to support the trial court's judgment thus requiring its affirmance. *Amalgamated Trust & Savings Bank v. Conrad Kern Co.* (1975), 34 Ill. App. 3d 430, 433-34, 340 N.E.2d 36; *Aurora Packing Co. v. Bolingbrook Inn Co.* (1975), 27 Ill. App. 3d 186, 188, 325 N.E.2d 639.

■■ In the present case the record on appeal is not sufficient for this court to ascertain the correctness of the trial court's determination. Accordingly, the presumption of correctness applies and the judgment of the circuit court is affirmed.

Judgment affirmed.

JOHNSON, P. J., and LINN, J., concur.