SAINT JOSEPH HOSPITAL, Plaintiff-Appellee, *v.* WILLIAM H. DOWNS *et al.,* Defendants-Appellants.

Third District    No. 77-498

Opinion filed September 7, 1978.

Norman H. Small, of Chicago, for appellants.

Harold Shabelman, Ltd., of Joliet, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Saint Joseph Hospital, filed a complaint against defendants, William and Ardeen Downs, husband and wife, to recover for hospital services rendered to William Downs. Defendants, by their counsel, entered an appearance and answered the complaint, admitting that services had been rendered, but denied the remaining allegations of the complaint. The trial was set on August 14, 1977. On that date, the plaintiff was present by counsel. Mrs. Downs appeared in person and on behalf of her husband. After testimony was heard, judgment was entered for plaintiff in the amount of $1,202.55, as prayed for in the complaint.

Within 30 days, defendants, by their counsel, filed a motion to vacate the judgment. The trial court denied the motion and defendants appealed.

On appeal, defendants claim first, the lower court erred in refusing to

continue the trial; second, the trial court abused its discretion in denying defendants motion to vacate the judgment; and finally, defendants argue the judgment should be reversed because the proof does not conform to the pleadings.

■■ The cryptic facts set forth above is prompted in part by the absence of a report of proceedings. Defendants have failed to file a report of proceedings on appeal as required by Supreme Court Rule 323 (Ill. Rev. Stat. 1977, ch. 110A, par. 323). It is the appellant's obligation to provide a complete record on appeal. If no verbatim transcript is obtainable, an agreed statement of facts or a bystander's report are acceptable substitutes. (Ill. Rev. Stat. 1977, ch. 110A, pars. 323(c), (d).) Defendants have not undertaken either substitute. The only information in the record which could arguably provide this court with the information necessary to an intelligent examination of defendants' first and third claims of error is defendants' motion to vacate. Such a motion does not overcome the failure to file a report of proceedings because a post-trial motion is not a substitute for a report of proceedings. (*Belcher v. Spillman*, 28 Ill. App. 3d 973, 329 N.E.2d 550.) Furthermore, the "statement of facts" in defendants' brief is insufficient to provide us with information concerning trial since without adequate support in the record the statement of facts lies outside the record and may not be considered on appeal. *Abbey Plumbing & Heating, Inc. v. Brown*, 47 Ill. App. 3d 719, 365 N.E.2d 115.

■■■ The only record of the trial court's actions is provided by the trial court's docket sheet. That docket sheet contains no mention of a request for continuance by Mrs. Downs. In light of this and the absence of a report of proceedings which might indicate such a request was made, defendants' claim that a continuance of the trial should have been granted is not entitled to review. Defendants' argument that the proof does not conform to the pleadings must similarly fail, for without a report of proceedings there is nothing before this court to gauge whether or not the pleadings and proof are at variance. In such situations, it must be presumed the evidence at trial was sufficient to support the judgment.

■■ The only issue entitled to review concerns defendants' claim that the trial court abused its discretion in denying their motion to vacate. (See *Abbey Plumbing & Heating, Inc. v. Brown*, 47 Ill. App. 3d 719, 365 N.E.2d 115.) On appeal defendants have attempted to characterize the judgment entered against them as a default judgment and their motion to vacate as a motion pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)). In light of Mrs. Downs' appearance at trial for herself and on behalf of her husband, as well as defendants' filing of the necessary pretrial pleadings, the judgment is not a default as contemplated by section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)). According to the motion, a collateral action to

recover for Mr. Downs' medical expenses had been filed against his health insurance carrier and the defendants desired that the plaintiff not proceed on this action until the other action had been decided. Admittedly, this is not a defense to the present action and in no way suggests any reasons why fairness and justice require another trial. With due consideration to the state of the record before us, we do not believe the trial court abused its discretion in denying defendants' motion to vacate.

For the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

STENGEL and SCOTT, JJ., concur.