ALTEK, INC., Plaintiff-Appellee, *v.* VULCAN TUBE & METALS CO., Defendant-Appellant.

First District (5th Division)   No. 79-200

Opinion filed November 30, 1979.

Ellis B. Rosenzweig, of Chicago, for appellant.

R. S. Maione, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Vulcan Tube & Metals Co. (Vulcan), appeals pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1977, ch. 110A, par. 306) from an order granting plaintiff, Altek, Inc. (Altek), a new trial. On appeal Vulcan contends that the granting of a new trial was erroneous.

Altek, an employment agency, brought this action for payment of a placement fee it allegedly earned by placing an employee with Vulcan. Vulcan denied that the employee was hired as a result of any effort or service on the part of Altek.

The case was tried in a bench trial and at the close of Altek's case, Vulcan made a motion for a directed verdict in its favor. After argument by both parties and a review of the testimony presented by Altek, the trial judge found that Altek "failed to sustain its burden of proof" and entered a directed verdict in Vulcan's favor.

Altek filed a post-trial motion for a reconsideration of the trial court's decision seeking vacation of the judgment for Vulcan and entry of judgment for Altek, or a new trial. The unverified motion recounted facts previously set forth in the complaint, attempted to summarize the testimony and evidence presented at trial, and stated the alleged bases for the trial court's judgment. Case law was also included to demonstrate the erroneous legal conclusions of the trial judge. The motion concluded by asserting that the manifest weight of the evidence supported Altek's claim. The motion was heard by a second judge because the trial judge had retired. There was no report of the previous proceedings, bystander's report or agreed statement of facts (Ill. Rev. Stat. 1977, ch. 110A, par. 323) presented with the motion. The second judge vacated the judgment in favor of Vulcan and granted Altek a new trial. Although the order granting the new trial recites that argument on the motion was heard, no transcript or other record of this proceeding has been included in this record.

Opinion

The sole issue on appeal is the propriety of the second judge's granting a new trial. Because of this it is unnecessary to detail the facts involving the employment contract or the intervening and hiring of the employee.

██ The decision of a trial court to grant a new trial is an exercise of discretion which should not be disturbed unless a clear abuse of that discretion is shown. (*Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 357 N.E.2d 500; *Dombrowski v. Laschinski* (1978), 67 Ill. App. 3d 506, 385 N.E.2d 35.) The purpose of a motion to vacate judgment is to alert the trial court of errors it has committed and thereby afford it an opportunity for their correction. (*Page v. Estate of Page* (1978), 66 Ill. App. 3d 214, 383 N.E.2d 615; *Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 365 N.E.2d 115.) Under the circumstances of this case, it is difficult to conceive that the second judge acted to correct errors committed at the first trial or found that the verdict was against the preponderance of the evidence and a new trial was required. (See *Spankroy v. Alesky* (1977), 45 Ill. App. 3d 432, 359 N.E.2d 1078.) The trial court's action constituted an abuse of discretion.

Initially, Altek contends that since the motion for a new trial was granted, it is incumbent upon Vulcan as the party urging error to provide a record of the proceedings below which show the error. Since the record contains no transcript of the proceedings before the second judge, Altek contends that it must be presumed that sufficient evidence existed to support the second judge's ruling and that it must be affirmed.

It is the responsibility of the appellant to see that the record on appeal is complete. (*Saint Joseph Hospital v. Downs* (1978), 63 Ill. App. 3d 742, 380 N.E.2d 529; *Abbey Plumbing & Heating, Inc. v. Brown.*) However, even without a transcript or record of the proceedings before the second judge, this record is adequate to address the issue raised by Vulcan, the propriety of the order granting a new trial. It is agreed by both parties that no transcript or other report of the first trial was before the second judge at the time of the post-trial motion. The record on appeal contains everything that was before the second judge at the time of his order. We limit our review to the correctness of the order based on the record before the second judge. Because of the limited extent of the review, a transcript of the proceedings on the post-trial motion is unnecessary. Any error by the second judge would be revealed from an examination of the record as it existed before him, without resort to the bases for his decision which would appear in a transcript. The record provided by Vulcan is therefore complete for purposes of review of the alleged error.

Turning to the merits of the appeal, Vulcan contends that it was error for the second judge to vacate the judgment entered by the trial judge and order a new trial. It contends that in doing so, the second judge necessarily rejected the trial court's evaluation of the credibility of the witnesses. Since there was no report of testimony before him, the second judge had no basis to conclude that the testimony was against the preponderance of the evidence, and Vulcan contends that his order was,

therefore, erroneous. Vulcan submits that Altek's proper recourse was an appeal.

On the other hand, Altek views the second judge's order as an attempt to vacate a judgment which was based on incorrect legal conclusions. When viewed in this perspective, since a purely legal question was presented by the motion, a transcript of the proceedings was unnecessary since no factual determination would have to be made.

A motion for a new trial may be heard by a judge other than the trial judge under appropriate circumstances. (*Somora v. Ahstrom* (1972), 6 Ill. App. 3d 1034, 287 N.E.2d 97; *Morton v. Louisville & Nashville R.R. Co.* (1956), 8 Ill. App. 2d 474, 131 N.E.2d 816.) Although it is true that it is unnecessary to present the judge at a hearing on a motion for a new trial a report of the proceedings which transpired at the trial in all cases (*Somora v. Ahstrom*), this case is not one of the exceptions.

Since no transcript of the proceedings on the motion for a new trial has been included in the record, both possible bases for the court's order will be examined. If the basis for granting the new trial was that the first judgment was against the preponderance of the evidence, as Vulcan contends, clearly the second judge had no basis to support such a conclusion. Since it is agreed that no transcript or reasonable substitute was before the second judge, the presumption that sufficient evidence was presented to support his judgment (*Investors Shelter Corp. v. Chernick* (1978), 58 Ill. App. 3d 446, 374 N.E.2d 786; *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 329 N.E.2d 550) is not here applicable. If the basis for the second judge's order was in fact based on the prior evidence, the order was erroneous.

In its motion to vacate the judgment for Vulcan and again in its brief on appeal, Altek contends that the trial court based its judgment on two erroneous legal grounds. However, no such basis is revealed in the trial court's order which merely found that "* * * the plaintiff failed to sustain its burden of proof * * *." The only indication in the record that the trial court's judgment may have been based on erroneous conclusions of law is found in Altek's motion to vacate the judgment. A post-trial motion is not a substitute for a report of proceedings (*Saint Joseph Hospital v. Downs* (1978), 63 Ill. App. 3d 742, 380 N.E.2d 529; *Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 365 N.E.2d 115; *Belcher v. Spillman*), nor can the argument in Altek's brief be used as a substitute since there is no adequate support for it in the record. (*Saint Joseph Hospital v. Downs.*) This court would be speculating as to the reasons for the trial court's ruling or that Altek has correctly stated the bases for the trial court's action. Since the reason for the trial court's ruling does not appear in the record, Altek's alleged reasons cannot be considered on appeal.

Altek suggests that Vulcan's failure to file a written response to the post-trial motion demonstrates that Vulcan accepted the alleged reasons for the trial court's determination and agreed that the motion presented a purely legal question. However, Vulcan was not required to file a response to the motion. (See Ill. Rev. Stat. 1977, ch. 110, par. 68.3.) Altek does not contend that a stipulation or agreement as to the trial court's reasons for its ruling was actually entered into and presented to the second judge. Neither had a report of proceedings or a substitute been provided pursuant to Supreme Court Rule 323. (Ill. Rev. Stat. 1977, ch. 110A, par. 323.) The absence of an answer cannot be construed as an agreement or stipulation under these circumstances.

Finally, the case of *Somora v. Ahstrom* (1972), 6 Ill. App. 3d 1034, 287 N.E.2d 97, involved facts nearly identical to those of the instant case. The appellate court held that the second judge should not have proceeded with the motion for a new trial without the benefit of a transcript of the trial proceedings since he was unfamiliar with what transpired at trial. The same is true here. Without either the factual or legal basis for the directed verdict before him (except for the suggested bases in the motion), the second judge should not have ruled on the motion.

Accordingly, the order vacating the trial court's judgment and granting a new trial is reversed and the cause remanded with directions to enter judgment for defendant Vulcan.

Reversed and remanded with directions.

SULLIVAN, P. J., and WILSON, J., concur.