RAUL M. CASAS, Plaintiff and Counterdefendant-Appellant, v. LIBERTY SAVINGS & LOAN ASSOCIATION OF CHICAGO, Defendant and Counterplaintiff (Robert Evan Daniels, Defendant and Counterplaintiff-Appellee).

First District (First Division)   No. 84—0068

Opinion filed October 9, 1984.

J.S. Nottingham, of Chicago, for appellant.

Daniel A. Aljinovic, of Aljinovic & Perisin, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The subject of this appeal is a judgment entered by the circuit court of Cook County in behalf of Robert Evan Daniels, third-party plaintiff, in an action against Raul M. Casas, a counterdefendant. Now, Casas contends that the trial court erred when it refused to admit into evidence his exhibit of a certified chain of title.

According to the common law record, on August 7, 1978, Raul M.

Casas filed a complaint against Liberty Federal Savings & Loan Association (hereafter Liberty) which alleged, *inter alia*, that it wrongfully refused to honor a cashier's check issued by it on the order of Robert Evan Daniels in the amount of $3,800 when Casas presented it for payment on April 19, 1978. Liberty filed a timely response, and after further pleadings were filed, Casas was granted a summary judgment in the amount claimed.

However, Liberty filed a third-party complaint against Daniels to enforce the indemnification terms included in the stop payment order executed by Daniels. A summary judgment for $3,800 was granted against Daniels and for Liberty on June 17, 1979. By that same order, execution on both the Casas and Liberty judgments was stayed until further order of court, and Daniels was granted leave to file a third-party complaint against Casas.

Subsequently, Daniels filed his complaint which alleged, *inter alia*, that Casas knowingly sold him a mechanically defective 1971 Jaguar XKE, although prior to sale Casas assured him that it was in good condition. Daniels sought $16,000 in damages. After that complaint was amended and other pleadings were filed, a bench trial was held. Eventually, judgment was entered for Daniels in the amount of $1,774.31. It is from this judgment that Casas appeals.

While Casas has included a transcript of the hearing on his post-trial motion, he has not provided a verbatim transcript of the trial proceedings, a factual stipulation by the parties or a certified bystander's report as required by Supreme Court Rule 323. (87 Ill. 2d R. 323.) A post-trial motion is not a substitute for a report of trial proceedings. (*Saint Joseph Hospital v. Downs* (1978), 63 Ill. App. 3d 742, 380 N.E.2d 529.) The burden is on the appellant to present a record of sufficient completeness in order to question the evidence pertaining to issues raised at trial. (*Investors Shelter Corp. v. Chernick* (1978), 58 Ill. App. 3d 446, 374 N.E.2d 786.) Where the record is lacking, a reviewing court will indulge every presumption favorable to the judgment or order appealed from. (*Schranz v. I.L. Grossman, Inc.* (1980), 90 Ill. App. 3d 507, 412 N.E.2d 1378.) Here, the record on appeal is not sufficient for this court to determine the correctness of the circuit court's decision, and the presumption of correctness applies.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McGLOON and CAMPBELL, JJ., concur.