2020 IL App (1st) 200067-U

FIFTH DIVISION
Order filed: June 5, 2020

No. 1-20-0067

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| JOHN MASLARDZIEVSKI, | ) | Cook County |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 2017 D 6931 |
| | ) | |
| FROSINA POPOVSKI, | ) | Honorable |
| | ) | Jeanne Cleveland-Bernstein, |
| Respondent-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's judgment of dissolution where the respondent failed to present a sufficient record on appeal and its denial of her motion to reconsider and reopen proofs was not an abuse of discretion.

¶ 2    The respondent, Frosina Popovski, appeals from the circuit court's denial of her motion to reconsider and reopen proofs on its judgment dissolving her marriage with the petitioner, John Maslardzievski. On appeal, Frosina argues that the circuit court erred by failing to allow her to

present evidence on matters related to her motion and in resolving the allocation of parenting time and maintenance. For the reasons that follow, we affirm.

¶ 3   The following factual recitation is adduced form the pleadings, orders, and motions of record.

¶ 4   John and Frosina were married on September 9, 2006, and have one minor child together, S.M. On August 10, 2017, John filed a petition for dissolution of marriage. On August 6, 2019, the circuit court entered its allocation judgment of parental responsibilities and parenting plan. The allocation judgment awarded, in relevant part, "the majority of parenting time" to Frosina and alternating weekends and overnight visitation of S.M. to John. On August 16, 2019, following a trial, the circuit court entered its judgment of dissolution of marriage, incorporating the terms of the allocation judgment, and finding that irreconcilable differences caused the breakdown of the marriage. In relevant part, the judgment of dissolution ordered John to pay monthly maintenance to Frosina for two years in the amount of $248.00.

¶ 5   The record does not contain a transcript, a bystander's report, or an agreed statement of facts of the trial. However, the written judgment of dissolution states that the circuit court reached its findings and entered its order after an evidentiary hearing in which it considered "all of the evidence" and heard the testimonies of John, Frosina, and the guardian *ad litem*, who were "duly sworn and examined in open court."

¶ 6   On September 13, 2019, Frosina filed a motion to reconsider the judgment, in which she requested that the court reopen proofs on evidence related to parenting time and maintenance and argued that the circuit court erred in its allocation of parenting time and maintenance. Following a hearing on Frosina's motion, a transcript of which is included in the record, the circuit court denied relief, finding, *inter alia*, that: (1) there was no new evidence that was not able to be

presented at trial; (2) Frosina testified under oath and was cross-examined; and (3) there was no refusal by the circuit court to allow Frosina to testify at trial. This appeal followed.

¶ 7    At the outset, we note that John, the appellee, did not file an appellate brief. Nevertheless, because the record is simple and the claimed errors can be easily decided without the aid of an appellee brief, we will reach the merits of the appeal on the appellant's brief alone. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). However, our supreme court has established that, in reviewing alleged errors of the circuit court, it is the responsibility of the appellant to present the reviewing court with "a sufficiently complete record of the proceedings at trial ***." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Due to the nature of appellate review, we must have the record before us to determine whether there was error in the court below. *Id.*  When the record on appeal is insufficient, a reviewing court will presume that "the order entered by the trial court was in conformity with law and had a sufficient factual basis."  *Id.* at 392.  Any doubts arising from the incompleteness of the record must be resolved against the appellant.  *Id.*

¶ 8    Frosina first maintains that the circuit court erred when it failed to reopen proofs on matters raised in her motion to reconsider. Specifically, she maintains that the court erred by failing to allow her to present evidence of S.M.'s safety with John, which would impact his parenting time, and evidence of her difficulty finding a job, which would impact her maintenance award.

¶ 9    The purpose of a motion to reconsider is to bring to the circuit court's attention newly discovered evidence, changes in the law, or errors the court made in applying the law. *City of Chicago v. Chicago Loop Parking LLC*, 2014 IL App (1st) 133020, ¶ 51. When determining whether to reopen proofs, the circuit court considers the following factors: (1) whether there was

an excuse for failing to introduce the evidence at trial; (2) whether the other party would be surprised or prejudiced by the new evidence; (3) whether the evidence is of "the utmost importance" to the movant's case; and (4) "whether there are the most cogent reasons to deny the request." *Lisowski v. MacNeal Memorial Hospital Ass'n*, 381 Ill. App. 3d 275, 288 (2008). We review a circuit court's denial of motions to reconsider and to reopen proofs for an abuse of discretion. *Stringer v. Packaging Corp. of America,* 351 Ill. App. 3d 1135, 1140 (2004); *Lisowski*, 381 Ill. App. 3d at 287.

¶ 10    We find that the circuit court did not abuse its discretion when it denied Frosina's motion to reconsider and reopen proofs. During the hearing on the motion to reconsider, counsel for Frosina admitted that there were no transcripts of the trial. However, the transcript of the hearing on the motion to reconsider reveals that none of the evidence that Frosina attempted to present in the motion to reconsider was new, but rather, the circuit court found that it "[a]ll was available at the time of trial. She chose not to bring it up." This fact alone justifies the court's denial of Frosina's motion. *Stringer*, 351 Ill. App. 3d at 1142 ("[I]f evidence offered for the first time in a posttrial motion could have been produced at an earlier time, the court may deny its introduction into evidence on that basis.") Consequently, we find that the circuit court did not abuse its discretion when it denied Frosina's motion to reconsider and reopen proofs.

¶ 11    Frosina next maintains that the circuit court erred in its allocation of parenting time and in awarding maintenance in its judgment of dissolution. We will not disturb a circuit court's custody determination unless it is against the manifest weight of the evidence. *In re Marriage of D.T.W. and S.L.W.*, 2011 IL App (1st) 111225, ¶ 81. Matters relating to the propriety, amount, and duration of maintenance will not be overturned absent an abuse of discretion. *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009).

¶ 12    Based on the record before us, it is not possible for us to review the remaining claims of

error under any standard of review as the record lacks a trial transcript, bystander's report, or agreed statement of facts.  See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017).  Although, there is a transcript of the hearing on the motion to reconsider, in which the circuit court recalled the case and stated that it had taken some notes from trial, this does not allow this court to review the asserted trial errors because a transcript of a hearing on a post-trial motion is not a substitute for a trial transcript.  *Casas v. Liberty Savings & Loan Ass'n of Chicago*, 128 Ill. App. 3d 68, 69 (1984). Consequently, we find that Frosina has failed to present a record sufficient to allow this court to review the circuit court's judgment for dissolution of marriage.  Therefore, we presume that its ruling conformed to the law and had a sufficient factual basis.  *Foutch*, 99 Ill. 2d at 392.

¶ 13    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 14    Affirmed.