2025 IL App (1st) 231799-U

No. 1-23-1799

Order filed March 25, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CHRIS KELLY and JULIE KELLY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants and Cross-Appellees, | ) | Cook County. |
| | ) | |
| v. | ) | 17 L 000243 |
| | ) | |
| CLAYCO CONSTRUCTION CO., | ) | Honorable |
| | ) | Brendan A. O'Brien, |
| Defendant-Appellee and Cross-Appellant. | ) | Judge, presiding. |
| | ) | |

JUSTICE MITCHELL delivered the judgment of the court.
Justice Oden Johnson and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's judgment is affirmed where the record on appeal is insufficient to determine whether the circuit court abused its discretion in denying plaintiff Julie Kelly's motion for a new trial on damages for her loss of consortium claim and the circuit court did not err in allowing plaintiffs to recover 25% of a workers' compensation reimbursement as attorney fees.

¶ 2    Plaintiff Julie Kelly appeals the jury's award of $0 for loss of consortium after finding defendant Clayco Construction liable for injuries to her husband Chris Kelly. On appeal, Ms. Kelly contends that the circuit court abused its discretion in denying her motion for a new trial because the jury's verdict awarding no damages was against the manifest weight of the evidence. Defendant

Clayco Construction cross-appeals the circuit court's order awarding plaintiffs attorney fees under the common fund doctrine and contends that the circuit court erred in concluding that the common fund doctrine was available to the plaintiffs in this case to recover attorney fees on a portion of the judgment. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff Chris Kelly was an ironworker for Area Erectors on a construction project for defendant Clayco Construction. While working on the project, a co-worker knocked over a truss onto Mr. Kelly's feet. He sustained severe injuries that required several surgeries. Mr. Kelly and his wife, plaintiff Julie Kelly, subsequently brought this lawsuit against Clayco Construction, claiming that the company was negligent in its management of the construction site. A jury found Clayco Construction liable and awarded Mr. Kelly $12,000,463 in damages, reduced to $9,000,347.25 due to Mr. Kelly's comparative fault. The jury awarded $0 to Ms. Kelly for loss of consortium. Mr. Kelly was additionally ordered to remit $1,143,043.03 to Clayco Construction for the amount of workers' compensation benefits it paid related to the accident.

¶ 5      Following the trial, Ms. Kelly moved for a new trial on damages for her claim for loss of consortium and Mr. Kelly moved for attorney fees on the portion of the judgment remitted to defendant. The circuit court denied Ms. Kelly's motion for a new trial and granted in part and denied in part Mr. Kelly's motion for attorney fees. Clayco Construction moved for the circuit court to reconsider its award of attorney fees, which the circuit court denied. This timely appeal and cross-appeal followed. Ill. S. Ct. R. 303(a)(1), (3) (eff. July 1, 2017).

¶ 6                                    II. ANALYSIS

¶ 7                                 A. Loss of Consortium

¶ 8      Plaintiff Julie Kelly argues that the circuit court abused its discretion in denying her motion for a new trial because the jury's award of $0 for loss of consortium was against the manifest weight of the evidence. In particular, she argues that the loss of consortium claim was supported by uncontroverted evidence inconsistent with an award of no damages. Clayco Construction contends that Ms. Kelly's failure to provide a transcript of the hearing on the post-trial motions including the trial judge's oral ruling forecloses any argument that the circuit court abused its discretion by denying the motion for a new trial.

¶ 9      When a party moves for a new trial, the circuit court "will weigh the evidence and order a new trial if the verdict is contrary to the manifest weight of the evidence." *Lawlor v. North American Corp. of Illinois*, 2012 IL 112530, ¶ 38. A verdict is against the manifest weight of the evidence where "the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence." (Internal quotation marks omitted.) *Lazenby v. Mark's Construction, Inc.*, 236 Ill. 2d 83, 101 (2010). This court reviews the circuit court's decision to deny a motion for a new trial for an abuse of discretion. *Lawlor*, 2012 IL 112530, ¶ 38. "An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 10     The appellate record does not contain a transcript of the circuit court's oral ruling denying Ms. Kelly's motion for a new trial. The appellant "has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error," and if the appellant fails to provide

such a record, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 11    Ms. Kelly argues that the lack of a transcript does not foreclose our review of the circuit court's decision because the "failure to present a report of proceedings does not require dismissal or affirmance where the issues can be resolved on the record as it stands." *Venturini v. Affatato*, 84 Ill. App. 3d 547, 552 (1980). She contends that because the entire trial record is contained in the record on appeal, the transcript is not necessary for this court to determine whether the jury's verdict was against the manifest weight of the evidence. However, we do not review the circuit court's determination of whether the jury's verdict was against the manifest weight of the evidence *de novo*. We review it for abuse of discretion. *Maple v. Gustafson*, 151 Ill. 2d 445, 455 (1992) ("A court's ruling on a motion for a new trial will not be reversed except in those instances where *it is affirmatively shown that it clearly abused its discretion*." (Emphasis added.)). The relevant question is not whether the jury's verdict was against the manifest weight of the evidence, but whether the circuit court *abused its discretion* in concluding that the jury's verdict was not against the manifest weight of the evidence. The circuit court's determination is entitled to this deference because it "has the benefit of [its] previous observation of the appearance of the witnesses, their manner in testifying, and of the circumstances aiding in the determination of credibility." (Internal quotation marks omitted.) *Ruffin ex rel. Sanders v. Boler*, 384 Ill. App. 3d 7, 17 (2008) (quoting *Redmond v. Socha*, 216 Ill. 2d 622, 632-33 (2005)). These considerations may have figured prominently in the circuit court's decision to deny Ms. Kelly's motion, and yet without a transcript of the circuit court's ruling we simply do not know.

¶ 12     The cases cited by Ms. Kelly are inapposite because, in those cases, the circuit court could only have based its decision on the contents of the same documents that were available to the reviewing court in the appellate record. In *Walker v. Iowa Marine Repair Corporation*, 132 Ill. App. 3d 621, 625 (1985), this court held that the record's lack of a transcript for the hearing on the defendant's motion to transfer did not preclude review pursuant to *Foutch* because "the trial court here could only have based its ruling on the pleadings and affidavits in the record presented, thus rendering the transcript nothing more than a memorialization of the arguments of the attorneys." In *Altek, Inc. v. Vulcan Tube & Metals Co.*, 79 Ill. App. 3d 226, 227 (1979), the judge who granted the motion for a new trial was not the judge who had presided over the original trial. This court held that a transcript for the hearing on the post-trial motion was unnecessary because "the record on appeal contain[ed] everything that was before the second judge at the time of his order." *Id.* at 228.

¶ 13     Here, the circuit court may have based its decision to deny Ms. Kelly's motion in part on considerations not apparent in the record on appeal, such as "the appearance of the witnesses, their manner in testifying, and *** the circumstances aiding in the determination of credibility." (Internal quotation marks omitted.) *Redmond*, 216 Ill. 2d at 632-33. Without knowledge of the specific reasoning given by the circuit court in support of its oral ruling to deny Ms. Kelly's motion, we have no basis on which to conclude that the circuit court abused its discretion. Therefore, we affirm the circuit court's denial of Ms. Kelly's motion for a new trial. *Foutch*, 99 Ill. 2d at 392-93.

¶ 14                                     B. Attorney Fees

¶ 15    Clayco Construction argues that the circuit court erred when it awarded plaintiffs attorney fees under the common fund doctrine. Plaintiffs contend that the common fund doctrine applies, but even if it were not a basis for an award of attorney fees, they are nevertheless entitled to attorney fees under the Illinois Workers' Compensation Act. 820 ILCS 305/1 *et seq.* (West 2022). Clayco Construction asserts that plaintiffs waived any claim to attorney fees under the Act three separate times. Plaintiffs argue that Clayco Construction did not raise this argument until its post-trial motion; therefore, the argument is waived. Plaintiffs additionally argue that Clayco Construction failed to include relevant transcripts from the circuit court, preventing this court from reviewing the circuit court's decision. However, Clayco Construction raised their waiver argument in response to plaintiffs' motion for attorney fees. Further, under the Act, the payment of attorney fees is not discretionary; therefore, this court reviews the question of whether plaintiffs were entitled to fees *de novo*. *Id.* § 5(b).

¶ 16    As to Clayco Construction's waiver argument, the company contends that plaintiffs failed to object to a setoff "for all monies Clayco paid out for worker's compensation costs in this case." However, acceding to a setoff is not equivalent to relinquishing all rights to attorney fees on that setoff. Plaintiffs have a statutory entitlement to attorney fees on workers' compensation reimbursement money and "where an important statutory right is at issue, an explicit manifestation of intent is required before the right in question can be deemed waived." *Gallagher v. Lenart*, 226 Ill. 2d 208, 239 (2007); see also *In re Estate of Dierkes*, 191 Ill. 2d 326, 334 (2000) (recognizing that "[t]he plain purpose of [section 5(b) is] to require an employer to contribute to the necessary costs of the employee's recovery against a negligent third party where the employer is to receive

reimbursement from the recovery for workmen's compensation payments made or to be made to the employee." (Internal quotation marks omitted.)). Indeed, the Illinois legislature amended the Act for the purpose of providing a method for employees to recover attorney fees from employers. *Hardwick v. Munsterman*, 15 Ill. 2d 564, 567 (1959) ("[T]hat section of the Workmen's Compensation Act was amended *** to provide that a proportionate amount of the plaintiff-employee's costs and attorney's fees *** be borne by the employer out of his reimbursement figure."). Thus, because of the importance that the legislature placed upon allowing employees to recover attorney fees, an employee must explicitly waive the right to those fees. Plaintiffs did not do so here.

¶ 17    Clayco Construction also argues that language in a settlement agreement between Chris Kelly and his direct employer Area Erectors precludes plaintiffs from invoking the Act here. "A settlement agreement is considered a contract, and construction and enforcement of settlement agreements are governed by principles of contract law." (Internal quotation marks omitted.) *Cushing v. Greyhound Lines, Inc.*, 2013 IL App (1st) 103197, ¶ 355. It is the goal of contract interpretation to "ascertain and give effect to the intent of the parties." *W.W. Vincent & Co. v. First Colony Life Insurance Co.*, 351 Ill. App. 3d 752, 757 (2004). "A court must initially look to the language of a contract alone, as the language, given its plain and ordinary meaning, is the best indication of the parties' intent." *Gallagher*, 226 Ill. 2d at 233. However, provisions of the contract should not be read in isolation but should be considered in the broader context of the contract as a whole. *Clanton v. Oakbrook Healthcare Centre, Ltd.*, 2023 IL 129067, ¶ 30.

¶ 18    Here, the settlement agreement provided that "[Chris Kelly] agrees to waive any claims for future fees under Section 5(b) of the Act." In the context of the settlement contract meant to be "a

full and complete settlement of any claim that either the employee or the employer *may have against each other*," this language waives Mr. Kelly's claims against his employer, Area Erectors, not Clayco Construction. As noted above, if plaintiffs intended to waive claims as to Clayco Construction in their settlement agreement with Area Erectors, they needed to so explicitly. Because the agreement is instead explicitly limited to claims between Chris Kelly and Area Erectors, it does not waive plaintiffs' claims here.

¶ 19   Finally, Clayco Construction claims that the argument is waived because plaintiffs did not appeal the circuit court's order denying their motion for attorney fees under the Act, but granting attorney fees under the common fund doctrine. However, "[i]t is the judgment and not what else may have been said by the lower court that is on appeal to a court of review." *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387 (1983). Thus, plaintiffs were under no obligation to appeal the circuit court's order because "this court may affirm a trial court's judgment on any grounds which the record supports even if those grounds were not argued by the parties." *In re Detention of Stanbridge*, 2012 IL 112337, ¶ 74.

¶ 20   As to the merits, the Act provides that, when a plaintiff recovers damages from a third party for a workplace injury, the plaintiff must reimburse his employer for any workers' compensation payments that the employer paid or will pay. 820 ILCS 305/5(b). The employer must pay the employee's attorney fees equal to "25% of the gross amount of such reimbursement." *Id*.

¶ 21   Whether plaintiffs are entitled to attorney fees under the Act depends on whether Clayco Construction can be classified as an "employer" within the meaning of the Illinois Workers' Compensation Act. This is a question of statutory interpretation that we review *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45. It is the role of this court "to ascertain and give effect to the

legislature's intent" through "the language of the statute, given its plain and ordinary meaning." *People v. Newton*, 2018 IL 122958, ¶ 14. However, it is not enough to read a provision in isolation, "[t]he statute should be evaluated as a whole, with each provision construed in connection with every other section." *Jackson v. Board of Election Commissioners of the City of Chicago*, 2012 IL 111928, ¶ 48. Where the statute is ambiguous, we "may consider the reason and necessity for the law, the evils it was intended to remedy, and its ultimate aims." *Taylor*, 2023 IL 128316, ¶ 45 (quoting *People v. Pullen*, 192 Ill. 2d 36, 42 (2000)). Additionally, "we presume that, in enacting the statute, the legislature did not intend to produce absurd, inconvenient, or unjust results." *Id.*

¶ 22    The Illinois Supreme Court has provided some clarity on this issue. The Act prohibits suits by employees to recover damages from their employers for workplace injuries. 820 ILCS 305/5(a). In *Laffoon v. Bell & Zoller Coal Company*, 65 Ill. 2d 437 (1976), the supreme court considered whether general contractors, which were not the direct employers of the plaintiffs but which paid the plaintiffs' workers' compensation for their injuries, have immunity from suit for workplace injuries. The supreme court concluded that, because general contractors can avoid the responsibility to pay workers' compensation by hiring insured subcontractors, it would be unfair to prevent workers from suing those general contractors. *Id.* at 445-47. In other words, general contractors cannot insulate themselves from liability by choosing to hire uninsured subcontractors. The same is true regarding the requirement that general contractors pay attorney fees on any reimbursed workers' compensation payments. The contractors do not insulate themselves from this obligation simply because they choose to hire uninsured subcontractors. Accordingly, the circuit court did not err when it awarded plaintiffs 25% of the workers' compensation reimbursement in attorney fees.

¶ 23                           III. CONCLUSION

¶ 24     The judgment of the circuit court of Cook County is affirmed.

¶ 25     Affirmed.