Estate of Julia Oppenheim, Deceased.
Irving Eisenberg, Petitioner-Appellant, v. Joseph Perrye
and Seidner & Seidner, Respondents-Appellees.

Gen. No. 52,187.

First District, First Division.

July 22, 1968.

Irving Eisenberg and Paul I. Baikoff, of Chicago, for appellant.

H. Lester Seidner and Emmanuel Seidner, Seidner and Seidner, of Chicago, for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

Petitioners, as attorneys for an heir-at-law and legatee, unsuccessfully sought for six years to discover uninventoried assets in a decedent's estate. In a petition filed in the estate and based on section 41 of the Civil Practice Act, they now seek attorneys' fees and court costs from the executor and his attorneys on the theory that they wilfully concealed information from petitioners. After a hearing the Probate Division of the Circuit Court of Cook County dismissed the petition, and petitioners appeal.

The decedent, Julia Oppenheim, died testate on June 25, 1960, and Joseph Perrye qualified as executor on March 24, 1961. His inventory as executor was filed and approved on August 9, 1961. A first current account was filed on February 26, 1962, and approved on December 8, 1964. A second and final account was approved on December 8, 1964, over objections. The record indicates that the gross estate was $2,040, which was exhausted upon payment of funeral expenses and attorneys' fees.

On March 16, 1961, during the pendency of the petition for admission of decedent's will, Harriet Sikorowski, an heir-at-law and a $200 legatee, together with two other heirs-at-law, filed a petition for leave to file interrogatories instanter, and that Joseph Perrye and Seidner & Seidner be directed to answer the interrogatories. After a hearing, the petition was dismissed on April 28, 1961,

because premature. Petitioners sought to appeal from the order of dismissal and proffered an appeal bond, which was disapproved. A mandamus petition to compel the acceptance of the bond was denied. An appeal to this court was unsuccessful (47 Ill App2d 112, 197 NE2d 271, opinion filed March 12, 1964), and leave to appeal to the Supreme Court was denied.

On September 4, 1964, a citation to discover assets was issued on the petition of Harriet Sikorowski, directing the respondents, Joseph Perrye and Seidner & Seidner, his attorneys, to appear to be examined as to assets which had not been included in the inventory. On September 25, 1964, an order was entered quashing the citation summons and denying the citation petition of Harriet Sikorowski.

The order of September 25, 1964, was reversed by this court (63 Ill App2d 284, 211 NE2d 403, opinion filed October 4, 1965), and the Probate Division of the Circuit Court was directed to proceed with a hearing as to the merits of the citation. In that case this court said (p 291):

"In this case the respondents, who have had charge of this estate for four years, either do or do not have information about or possession of the alleged assets of the decedent, and this question should be determined by the court. We fail to see how the mistake of the petitioner in pursuing the wrong remedy has prejudiced respondents. The quest for the assets of the estate of a deceased person is at times very difficult and so important that it calls for the use of a liberal construction of the powers of the court in the aid of an attempt to secure information or recovery of the assets."

Thereafter, and pursuant to the directions of this court, the Probate Division heard and considered evi-

dence on the merits of the citation petition and ordered it dismissed on July 27, 1966. The order made a number of findings, which included:

> "The petitioner has failed to prove that either the respondents, Seidner and Seidner, or any member of that firm, or Joseph Perrye, have possession or control of any of the alleged assets of the decedent alleged in the citation petition as allegedly belonging to the decedent upon her death or which are alleged to have belonged to the estate of said decedent.

> "IT IS, THEREFORE, ORDERED that the above-mentioned citation petition filed by Harriet Sikorowski against Joseph Perrye and Seidner and Seidner, respondents, be and the same hereby is dismissed with prejudice and the said respondents, Joseph Perrye and Seidner and Seidner, be and they and each of them are hereby discharged."

After the dismissal of the citation petition and on August 25, 1966, "Irving Eisenberg, on behalf of himself and Attorney Paul I. Baikoff," filed their petition in decedent's estate for fees and costs pursuant to section 41 of the Civil Practice Act.

In substance, the 4-page petition for fees related in detail the probate proceedings and the two appeals to this court and alleged (paragraph 14): "Petitioners now show, that all the information these respondents testified to, and disclosed, via oral and written testimony and exhibits at such hearing of July 25, 1966, they did in fact have in their possession and to their knowledges substantially before the above described proceedings in 1960, when petitioners filed their interrogatories. The undersigned petitioners charge further, that these respondents, all of them, could have and should have, in justice and speedy rendering of justice, in Equity, disclosed all such evidence and documents, at the proceedings so filed in

432

1960. Instead, in order to obtain answers and data, all of which were peculiarly within the sole knowledge of these several respondents, jointly and severally, the petitioners were compelled to file so many involved and costly proceedings—it is evident now, were totally uncalled for and unnecessary—if these respondents had answered in 1960 the same . . . as they did on July 25, 1966, which they were finally compelled to do—after so much evasive tactics . . . . We say it is no less than shocking." (Paragraph 17.) "We charge [Seidner & Seidner] obstructed proper court procedures by such failures to disclose what petitioners were, in law and justice, entitled to know of, reasonably soon after the initial proceedings were filed in 1960."

The petitioners alleged that they spent at least 1,000 hours on the various and many hearings, including the various appeals, and "that by the provisions of section 41 of our Civil Practice Act, in Equity and good conscience, . . . these respondents all jointly and severally should be directed and ordered to compensate petitioners fairly, equitably for such obstructions of hearings, justice, the great waste of time and expense by petitioners, all of which were so unnecessary."

The record indicates that the assets which were the subject of the interrogatories and the citation proceedings amounted to approximately $4,000. After a hearing, the Probate Division on January 20, 1967, dismissed the petition of Irving Eisenberg for attorneys' fees with prejudice. That order is the subject of the instant appeal.

Section 41 of the Civil Practice Act covers "allegations and denials, made without reasonable cause and not in good faith, and found to be untrue . . . ." In Greengard v. Cooper, 78 Ill App2d 86, 221 NE2d 775 (1966), it is said (p 89):

"Section 41 is an attempt by the legislature to penalize the litigant who pleads frivolous or false mat-

433

ters or brings a suit without any basis in law and thereby puts the burden upon his opponent to expend money for an attorney to make a defense against an untenable suit. . . . Allowance of attorney's fees under this section is discretionary. The trial court can exercise that discretion only when the record discloses evidence of bad faith on the part of the pleader."

In Horween v. Dubner, 68 Ill App2d 309, 216 NE2d 288 (1965), it is said (p 320):

"It must be assumed that attorneys in filing pleadings, have due regard for their duties and responsibilities as officers of the court. Attorneys in filing pleadings are permitted to exercise a broad discretion, based on honest judgment, from the facts presented to them."

■ ■ Initially, it is our opinion that a proceeding under section 41 of the Civil Practice Act may be filed and disposed of in a pending estate. See provisions of chapter 3—Administration of Estates—Illinois Revised Statutes. Although the instant petition was not filed during the pendency of the decedent's estate, we think the posture of the citation proceedings, which continued after the executor's final account was approved, was sufficient to warrant consideration of the petition in the probate proceedings.

■ Also, it is our opinion that a section 41 petition for attorneys' fees and expenses should be filed by a party to the litigation and not by the attorneys performing the services. However, in an attempt to end this litigation, we have decided to consider the petition for fees on its merits.

We agree that the quest for the assets of a deceased person is at times very difficult and so important that it calls for a liberal construction of the power of the court

in aid of an attempt to secure information or recovery of the assets. Nevertheless, such a quest must be pursued with discretion, and we think there was needless and extended litigation in this relatively modest estate.

 We have considered the instant petition for attorneys' fees in the light of the foregoing principles, and we accept the contentions of counsel for both parties that they proceeded at all times "with reasonable cause and in good faith." As we are not persuaded that this record affords justification for relief under section 41, we conclude the trial court properly dismissed the instant petition. Therefore, the order of the Probate Division of the Circuit Court is affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.