AMALGAMATED TRUST & SAVINGS BANK *et al.*, Plaintiffs-Appellees, *v.* CONRAD KERN COMPANY, INC., Defendant-Appellant.

(No. 61491;

First District (3rd Division)—November 20, 1975.

Herbert P. Carlson, of Chicago, for appellant.

David C. Roston, of Lieberman, Levy, Baron & Stone, of Chicago, for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The Amalgamated Trust & Savings Bank, as trustee, filed a complaint for unpaid rent against the Conrad Kern Company, Inc. The complaint alleged that the parties had orally agreed to a month-to-month lease at $1,200 a month, that Kern occupied the leased premises from November 1, 1971, to September 30, 1972, but had failed to pay rent for August and September 1972. The complaint was amended to add Dolton Industrial Park and Real Estate Services Corporation as plaintiffs, but neither one was identified in the amended complaint or elsewhere in the record. Kern's answer admitted that it was in possession of the premises from November 1, 1971, to September 30, 1972, but denied that its rent was unpaid or that it owed the plaintiff $2,400 or any other sum.

Summary judgment for the amount requested was entered for the plaintiffs. Three days later, the plaintiffs moved for the assessment of $798.50 attorney fees against Kern pursuant to section 41 of the Civil Practice Act. This statute provides:

"Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually in-

curred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial." Ill. Rev. Stat. 1973, ch. 110, par. 41.

The plaintiffs' motion repeated the substance of their verified complaint and the defendant's answer. It stated that although Kern denied owing two months rent it had no factual support for its denial; that when ordered by the court to produce all its cancelled rent checks, it had none for the months of August and September 1972; that the plaintiffs' attempts by interrogatories to establish lack of payment were frustrated by Kern's tactics; that Kern owed the rent and its denials were not made in good faith. The motion concluded that the plaintiffs' attorney fees of $798.50 was reasonable and were incurred by reason of Kern's untrue answer.

At the hearing on the motion testimony was taken and the plaintiffs' exhibits were received into evidence. We do not know what the testimony was because the record does not contain a report of the proceedings. At the conclusion of the hearing, the trial court found that Kern's answer was made without reasonable cause and in bad faith; that its actions were dilatory; and that after subtracting plaintiffs' attorney fees incurred prior to the filing of the defendant's answer and taking into consideration the testimony of the plaintiffs' attorney concerning his firm's billing practices, a figure of $300 would represent a fair and reasonable reimbursement for the legal services rendered. Kern appeals from the $300 judgment entered in favor of the plaintiffs, and they cross-appeal from the denial of their claim for $798.50.

The defendant makes three arguments: the plaintiffs' motion to recover their attorney fees was improper because the attorneys, rather than the plaintiffs, signed the motion; the defendant was not given a full hearing because the trial court never afforded it sufficient opportunity to cross-examine the attorney who represented the plaintiffs concerning the reasonableness of the fees or to present evidence in rebuttal, and the trial court's award of $300 was improper in that there was no bad faith in the filing of Kern's answer since this pleading was filed by its attorney based on honest judgment from facts presented to him.

■■ The defendant's contention that a section 41 motion must be signed by a litigant rests on a case that is factually inapposite, *In re Estate of Oppenheim* (1968), 98 Ill.App.2d 429, 240 N.E.2d 307 (a section 41 motion filed by attorneys on their own behalf), and runs contrary to established practice under which attorneys sign pleadings in behalf of their clients. The first contention, therefore, may be dismissed quickly, but the other issues raised by the defendant and the plaintiffs require more comment.

All this court has before it are the pleadings, the exhibits introduced at the hearing and the trial court's order; there is no transcript of the testimony. The plaintiffs criticize the defendant for not furnishing a transcript and argue that its remaining contentions cannot be considered because of the omission. While this is true of the defendant's appeal, it is equally true of the plaintiffs' cross-appeal for they are guilty of the same omission. The lank of a transcript or a bystander's report is critical. The resolution of the issues raised on both the appeal and the cross-appeal, with the exception of the one concerning the attorney's signature on the petition for fees, requires that this court be apprised of what went on at the hearing. For example, we are faced with the problem of determining the relevance and meaning of the plaintiffs' three exhibits. Exhibit 1 appears to be a collection of time sheets completed by the various attorneys working on the original action for rent; Exhibit 2 appears to be the same data in tabular form with two strips of adding machine paper on which computations have been made, and Exhibit 3 contains copies of monthly bills sent to the "Metropolitan Industrial District—Dolton" (unidentified by the record) for legal services. Nearly all the bills bear notations indicating that payment was received for them. It is asking too much for this court to provide a reasoned, informed analysis of this evidence and of the trial court's assessment of $300 as reasonable attorney fees when the testimony giving life and meaning to the exhibits is inaccessible to us.

■■ If the defendant was unable to provide a verbatim transcript of the hearing in support of its appeal, or the plaintiffs were unable to do likewise in support of their cross-appeal, either could have used the alternatives open to them. Rule 323(c) provides that an appellant may prepare a proposed report of proceedings from the best available sources, including recollection, and present it to the trial court for settlement, approval and certification. Rule 323(d) provides that the parties by written stipulation may agree upon a statement of facts and file it in lieu of a verbatim transcript or a court-certified report. Ill. Rev. Stat. 1973, ch. 110A, par. 323(c), (d).

■■ Given the incomplete nature of the record before us there is nothing we can do other than affirm the trial court's order. The allowance of attorney fees under section 41 is discretionary with the trial court (*Thomas v. Thomas* (1974), 23 Ill.App.3d 936, 321 N.E.2d 159) and the record shows no abuse of discretion. The order assessing $300 as a reasonable fee stated that the court was "fully advised in the premises." The use of these words reinforces the general presumption favoring the correctness of a trial court's ruling. This court stated in *Smith v. Smith* (1962), 36 Ill.App.2d 55, 58-59, 183 N.E.2d 559, that:

434

"Except for the clause that the court was 'fully advised in the premises,' there is nothing in the order in the present case to indicate whether a hearing was had or not. But this clause, although often routinely and loosely used, is not without significance. It has been held to connote that the court heard sufficient facts to justify its order. * * * If a court signs an order which includes the words 'the court was fully advised in the premises,' we conclude, in the absence of any contrary indication in the order or in the record, that the court heard adequate evidence, received enough information or listened to sufficient law and argument, as the necessity of the particular case required, to enable the court to reach what it believed to be the right decision on the issue presented."

Since there is nothing in the court's order or the record that is sufficient to overcome the presumption that the trial court's analysis of law and fact was correct, the judgment fixing the plaintiffs' attorney fees at $300 must be affirmed.

Judgment affirmed.

McNAMARA and MEJDA, JJ., concur.