LAWRENCE D. COOMBS *et al.*, Plaintiffs-Appellees, *v.* WISCONSIN NATIONAL LIFE INSURANCE CO., Defendant-Appellant.

First District (5th Division)   No. 81—2818

Opinion filed December 23, 1982.—Rehearing denied February 1, 1983.

Susan L. Walker, of Chicago (Wildman, Harrold, Allen & Dixon, of counsel), for appellant.

Barbara J. Coombs, of Rolling Meadows, for appellees.

JUSTICE LORENZ delivered the opinion of the court:
In a *pro se* complaint, plaintiffs sued defendant Wisconsin National Life Insurance Company (Wisconsin National) to recover medical payments under a contract of insurance. Following a bench trial on September 16, 1981, a judgment for plaintiffs in the amount of $308 was entered. Defendant appeals.
In their complaint, plaintiffs alleged that a physical injury which

occurred on December 13, 1977, required extensive dental treatment. They filed a claim with the defendant requesting payment of all bills in excess of the $500 deductible provisions of the policy. Following the entry of judgment, defendant's motion for reconsideration was denied and it filed a notice of appeal.

Defendant has failed to include in its record on appeal either a transcript of the proceedings on September 16, 1981, which formed a basis for the judgment, or a bystander's report pursuant to Supreme Court Rule 323 (87 Ill. 2d R. 323).

Rule 323(c) provides that an appellant may prepare a proposed report of proceedings from the best available sources, including recollection, and present it to the trial court for settlement, approval and certification. Rule 323(c), (d) provides that the parties by written stipulation may agree upon a statement of facts and file it in lieu of a verbatim transcript or a court-certified report. 87 Ill. 2d R. 323(c), (d); *Amalgamated Trust & Savings Bank v. Conrad Kern Co.* (1975), 34 Ill. App. 3d 430, 340 N.E.2d 36.

It is the responsibility of appellant to see that the record is complete, to enable the reviewing court to resolve the questions raised (*Cohen v. Washington National Insurance Co.* (1971), 2 Ill. App. 3d 149, 276 N.E.2d 6) since the record on appeal binds the parties and also controls the reviewing court in its consideration of the appeal. *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 280 N.E.2d 437.

In this case, defendant merely sets forth in its brief its version of the purported facts and its argument derived therefrom without any citation to the record. Since assertions in an appellate brief cannot serve as a substitute for a proper record (*Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 329 N.E.2d 550), we are unable to ascertain the accuracy of defendant's position.

While it may be true that the failure to provide a report of proceedings may constitute grounds for dismissal of an appeal (*Glover v. Glover* (1974), 24 Ill. App. 3d 73, 320 N.E.2d 513), absence of such a report has always been regarded as merely depriving a reviewing court of a basis for reaching issues whose merits depend on matters thus omitted, such as issues of sufficiency of evidence (*Village of North Aurora v. Aurora Downs, Inc.* (1976), 42 Ill. App. 3d 534, 356 N.E.2d 193), or relating to conduct of a hearing (*Amalgamated Trust & Savings Bank v. Conrad Kern Co.* (1975), 34 Ill. App. 3d 430, 340 N.E.2d 36). Because the reviewing court must presume the circuit court acted properly in the absence of a contrary indication in the record, affirmance is dictated if the record omits crucial facts.

As the court in *La Pierre v. Oak Park Federal Savings & Loan Association* (1974), 21 Ill. App. 3d 541, 546, 315 N.E.2d 908, 911-12, stated: "It is a basic principle of appellate practice that a party who brings a cause to a reviewing court must present in the record the proceedings to show the error complained of. [Citation.] [Appellant] has failed to provide this court with a report of proceedings or an acceptable substitute in accordance with Supreme Court Rule 323 (Ill. Rev. Stat. 1973, ch. 110A, par. 323). Accordingly, this issue, and others raised by [appellant] for which the evidence offered at trial would be necessary to our determination, is not subject to review by the court."

For the reasons stated, we affirm the September 16, 1981, order in favor of plaintiffs.

Affirmed.

MEJDA and WILSON, JJ., concur.