2020 IL App (2d) 190548
No. 2-19-0548
Order filed October 13, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | |
|---|---|
| *In re* ESTATE OF LAWRENCE F. LOWRY, Deceased | Appeal from the Circuit Court of Lake County. |
| | No. 17-P-26 |
| (Mark K. Lowry, Citation Petitioner-Appellant, v. Cynthia M. Zittel, as Executor of the Estate of Lawrence F. Lowry, Deceased, Lawrence W. Lowry, and Joan Lowry, Citation Respondents-Appellees, and Danielle Burza-Smith, Appellee). | Honorable Donna-Jo Vorderstrasse, Judge, Presiding. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court.
Justices Hudson and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appeal dismissed for appellant's noncompliance with Supreme Court Rule 341(h).

¶ 2    Following the passing of his father, Lawrence F. Lowry, plaintiff Mark K. Lowry (Mark) filed what the circuit court construed as a *pro se* petition for the issuance of a citation to discover information under section 16-1 of the Probate Act (755 ILCS 5/16-1 (West 2016)) against his sister, Cynthia M. Zittel, as the executor of the estate (Cynthia or the executor), and his brother and sister-in-law, Lawrence W. Lowry (Lawrence W.) and Joan Lowry (Joan) (collectively, the Lowrys), respectively. Because Mark's brief fell far short of the requirements of Supreme Court

Rule 341(h) (eff. May 25, 2010) such that it precludes us from providing meaningful review of the trial court's judgment, we dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4     On March 10, 2017, Cynthia filed a petition for probate of will and for letters of office. The petition asserted that the decedent named her as executor. On March 17, 2017, the circuit court admitted the will to probate and appointed Cynthia independent executor. The will specified that the estate was to be distributed *per stirpes* to decedent's three children, namely: Cynthia, Lawrence W., and Mark. On June 14, 2017, the executor filed an inventory of decedent's real and personal property. The inventory stated that the approximate value of the estate was $5561, and it was organized by the beneficiary who was in possession of each item of personal property.

¶ 5     On September 11, 2017, Mark filed a *pro se* petition for will contest and a *pro se* petition for the issuance of a citation to discover assets. He alleged that the Lowrys "had control of the Decedent's residence, all bank accounts, and all other property," and alleged that the inventory was "falsified and incorrect" because it did not include all the decedent's personal property, such as bank accounts, life insurance policies, several vehicles, and household furnishings. Mark attached a handwritten list of property he believed was improperly omitted from the inventory.

¶ 6     On November 21, 2017, the executor's counsel, Danielle Burza-Smith, filed an appearance and moved to dismiss both of Mark's *pro se* petitions under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). The executor argued that Mark failed to allege any "facts upon which [she] could comment on, let alone admit or deny." She also asserted that it was unclear what relief Mark sought in the motions. She stated that "even if the relief was to have the will set aside, the appropriate remedy would be that the three heirs of the decedent share the estate equally, which is what the decedent's will already provide[d]." Also on that date, the

executor filed a final report and a petition to close the estate, noting that more than six months had elapsed since her appointment, that the court had approved the inventory, and asserting that all the estate's assets were collected and accounted for.

¶ 7     On January 18, 2018, the circuit court granted the executor's motions to dismiss, and Mark was granted leave to amend.  The order indicated that Mark represented he would not pursue a petition for will contest.

¶ 8     On January 20, 2018, Mark filed a document entitled  "Amended Petition for the Issuance of Citation for Recovery of Assets."  He stated that he "believe[d] the respondents are aware of the current location or disposition of Bank Accounts, including several savings accounts, CD's, and checking accounts," and that the Lowrys "took possession of [the decedent's] banking accounts," some of which Mark "believe[d] *** may have been transferred to Joan Lowry without the decedent's knowledge and consent."  The circuit court entered an order stating that it would construe the pleading as a citation to discover assets under section 16-1 of the Probate Act, which allows for any person interested in an estate to file a petition for a citation to discover information. The circuit court thereafter issued citations to discover information to the both the estate and the Lowrys.[1]

¶ 9     Mark thereafter tendered a list of questions and requested documentation to the estate and the Lowrys.  On September 26, 2018, the circuit court entered an order requiring the citation-

_____

[1] Although none appear in the record, we presume that the citations were issued because the circuit court ordered the citation-respondents to tender their "written, relevant answers to Mark's discovery request[s]" and subsequently held citation proceedings under the Probate Act.

respondents to answer Mark's discovery requests by November 2, 2018, with courtesy copies due to the court and the estate's counsel by November 16, 2018, and it scheduled a hearing on the matter for November 29, 2018.

¶ 10   On November 13, 2018, Mark filed a "petition for adjudication of indirect civil contempt" against the executor and the Lowrys, alleging they had "disobeyed court order[s] and with[held] evidence" because he had not yet received any documents.  He also alleged that he was absent from court on September 26, 2018, because Lawrence W. "hand delivered [a] warrant on a 1989 traffic ticket" to a security officer in the courthouse, and Mark was arrested as he entered the building.  In Mark's estimation, "Respondents [were] aware his arrest would result in [his] inability to be present for their probate hearing, therefore, they would not have to produce plaintiff's discovery requests."

¶ 11   On November 29, 2018, the circuit court entered an order granting the executor's unopposed motion to continue, and it rescheduled the hearing for the citation to February 13, 2019, with all parties to be present.  The court also ordered the citation-respondents to submit their "written, relevant answers to Mark Lowry's discovery request[s]" by January 4, 2019, with Mark's response due to the estate's counsel by January 25, 2019.

¶ 12   On January 24, 2019, the executor and the Lowrys filed their written responses to Mark's discovery requests, and attached approximately 60 pages of documents, including bank statements, check registers, life insurance documents, vehicle titles, and the like.

¶ 13   On February 1, 2019, Mark filed a "petition for adjudication of indirect civil contempt." He stressed that citation-respondents' responses were filed beyond the deadline set by the court, and asserted that he was unable to file his response by January 25, 2019, and that the "court's 2/13/19 hearing objective [would] not be met."

¶ 14    On February 13, 2019, the circuit court discharged the discovery citations and found that the estate had satisfied all requests for discovery and its obligation for the citation.   In so ruling, the court reiterated that it construed "all prior pleadings filed by Mark" as "requests for discovery and discovery citations."   It ruled that certain real estate and a life insurance policy were the property of the designated beneficiary, rather than an asset of the estate, and it found that the assets of the estate were the items listed on the inventory the estate previously filed, "subject to Mark Lowry filing a proper recovery citation," within 30 days, that did not include "the real estate or life insurance policies."   The court also denied Mark's petitions for rule to show cause, finding that "the estate had a good faith basis for the delays in answering discovery."   The court scheduled the next court date for March 26, 2019, for status on any pleadings filed by Mark and to set a hearing date on the final account.

¶ 15    On March 15, 2019, Mark filed a motion to reconsider, asserting that he had "no reason to believe the [February 13, 2019] hearing would continue on the merits," and that he was "flustered" when the hearing proceeded and "not properly prepared."   Mark also asserted that his petition for contempt "was never heard or, if in fact it was, [he] was never notified by court order."   The estate responded on April 16, 2019.

¶ 16    On May 8, 2019, the circuit court entered an order denying Mark's motion to reconsider, and it ordered the estate to re-notice the final accounting to all parties.   The circuit court approved the final account, discharged the executor, and closed the estate on May 21, 2019.   Mark timely appealed.

¶ 17                                    II. ANALYSIS

¶ 18    Mark's *pro se* brief falls woefully short of several requirements of Illinois Supreme Court Rule 341(h) (eff. May 25, 2018), which governs the form and contents of an appellant's brief.   The

provisions of Rule 341(h) "are not mere suggestions," and the "failure to comply with the rules regarding appellate briefs is not an inconsequential matter." *Hall v. Naper Gold Hospitality*, LLC, 2012 IL App (2d) 111151, ¶ 7. The purpose of supreme court rules, including Rule 341(h), "is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Id.* We may strike a brief that is not in substantial conformity with the pertinent rules. *Id.* Because striking a brief is a harsh sanction, we will do so only when the violations hinder our review. *Gruby v. Department of Public Health*, 2015 IL App (2d) 140790, ¶ 12 (we have discretion to strike a brief and dismiss an appeal where a party has failed to comply with Rule 341 and the violations are so severe that they preclude our review of the issues); *In re Marriage of Iqbal*, 2014 IL App (2d) 131306, ¶ 14 (same).

¶ 19    Here, as outlined below, the numerous deficiencies in Mark's *pro se* brief are so substantial that they unquestionably hinder our review of the trial court's judgment such that dismissal of the appeal is warranted.[2] While plaintiff's noncompliance with the supreme court rules is so thoroughgoing as to fatally compromise our ability to evaluate the alleged deficiencies in the trial court's judgment, we will focus on those areas that are the most egregious, namely: his jurisdictional statement (or lack thereof), his statement of the issues presented for review, and his argument section.

---

[2] We note that no appellee's brief was filed. Without a cogent appellee's brief, we have no basis to overlook the flagrant deficiencies in plaintiff's brief and proceed to the merits because we are unable to decipher the issues plaintiff intended to raise. *Contra Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 20    Illinois Supreme Court Rule 341(h)(4)(ii) (eff. May 25, 2018) requires the appellant to provide "a brief, but precise statement or explanation *** of the basis for appeal including the supreme court rule *** which confers jurisdiction upon the reviewing court." as well as "the facts of the case which bring it within this rule or other law."  Mark utilized the preprinted appellant's brief form approved by the Illinois Supreme Court, but he failed to check any of provided boxes under the "Jurisdiction" heading to indicate which rule he sought to appeal under.  Mark checked a box on the cover page of the form to indicate that the appeal involved a matter subject to expedited review under Rule 311(a), but we note that the appeal does not appear to concern the custody of any child, the allocation of parental responsibilities, or the relocation of an unemancipated minor.  See Ill. S. Ct. R. 311(a) (eff. July 1, 2018).  He also failed to identify facts to bring the appeal under any of the applicable rules.

¶ 21    Mark's brief also fails to comply with Rule 341(h)(6), which requires that an appellant's brief include a statement of facts "which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal."  Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018).  His statement of facts contains numerous assertions of "fact" without any citation to the record.  For example, Mark purports to quote multiple statements made by citation respondents, the trial judge, and the estate's counsel, as well as describes what transpired at various hearings.  However, he failed to provide a report of proceedings or an appropriate substitute, such as a bystander's report.  See *Coombs v. Wisconsin National Life Insurance* Co., 111 Ill. App. 3d 745, 746 ("assertions in an appellate brief cannot serve as a substitute for a proper record").  "[M]atters not properly in the record will not be considered on review."  *Jenkins v. Wu*, 102 Ill. 2d 468, 483 (1984).  In essence, petitioner has improperly attempted to foist upon us the burden of researching the entirety of the

record to confirm his factual assertions—a burden made impossible due to his failure to include reports of proceedings or bystander's reports from which he draws nearly all of his factual assertions. See *Hall*, 2012 IL App (2d) 111151, ¶13 (the appellate court is not a depository into which a party may dump the burden of research).

¶ 22    More troublesome, however, is that his statement of facts is replete with improper argument and unsupported inflammatory accusations. Mark asserts that Lawrence W. committed "malicious acts," "made malicious irrelevant statements throughout [*sic*] litigation [*sic*] his discovery production is erroneous," and "falsely accused [him] of identity theft and filed [a] false police [report]." Mark further asserts that the estate's counsel, Ms. Burza-Smith, "committed acts of perjury to the court and fraudulent acts by deception" and "procured [a] hearing date by fraud." Concerning the trial judge, Mark states that she "committed perjury," "failed to conduct [a] proper evidentiary hearing," "refused to listen," was "unfamiliar [with the] case, making [*sic*] inappropriate comments," "allowed Lawrence W. Lowry to 'take control' of her courtroom," "create[ed] defamation to plaintiff by both libel and slander," and refused to provide him "direction on relevant matters in this case." These assertions are inappropriate and have no place in a "statement of facts" because, in violation of Rule 341(h)(6), they are neither stated accurately nor fairly, and they consist entirely of inflammatory argument and factual conclusions without any basis whatsoever in the record. Had we not determined that Mark's entire brief should be stricken, we likely would have stricken his statement of facts because its violations are so egregious that they hinder our review of the issues raised on appeal. See *Hubert v. Consolidated Medical Laboratories*, 306 Ill. App. 3d 1118, 1119 (1999) ("[w]hen an appellant's brief improperly includes argument, conclusions, or inappropriate record citations, the appellate court may, in its discretion, strike or disregard those portions").

¶ 23    Mark's argument section fares even worse than his statement of facts. Rule 341(h)(7) requires that an appellant's brief contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). Mark purports to identify three issues for review. For his first argument, he asserts that the trial court erred by:

> "[l]imiting a person's right to discovery, Prejudicial Error-failed conduct
> Contempt hearing on Pleadings, (3) evidentiary hearings Fail to Produce. Court allow
> untimely, erroneous discovery irrelevant, hearsay, fraudulent acts. Errors severely
> impacted Petitioner Interest & deprived him of Exercising his Constitutional rights Court
> errors have effected fairness, integrity and/or reputation of judicial proceedings." (Internal
> quotation marks omitted.)

For his second and third identified issues on appeal, Mark argues, respectively, that the trial court erred by:

> "[n]ot conducting hearings by procedure, Judge improper comments, showed bias,
> allow misconduct, Ruled on false testimony without evidence, refuse Pet. Right rebut
> presumptions, tell his side story, present evidence, improper character witness formed. Fail
> order 'special' interlocutory injunction, Question Law, power appt Real Estate, Fail
> Imposition Constructive Trust. Suffered substantial loss, Unfair Trial, Unjust USC;" and

> "Substitute Judge unfamiliar case. Accepted incomplete, inaccurate, false final
> accounting and report Not e-filed Court. Hearing date procured by fraud from Estate
> Counsel. Non-compliance Procedural & Administrative rules include Notice of Filing
> Objections 42 days after final accounting filed, Discharged Executor in breach of her duty.

Closed estate pending issues. Disregard Petitioner's Response Hearing & Intent object. Injustice/severe damage." (Internal quotation marks omitted.)

¶ 24 After reviewing the three issues Mark "identified," in conjunction with the explanation and argument for each of the issues in his brief, we are unable to discern the nature of any of his arguments regarding the trial court's administration of his father's estate. Mark's argument section consists of 15-pages of stream-of-consciousness writing that is saturated with rambling, incomprehensible accusations. An issue that is not clearly defined and sufficiently presented fails to satisfy Rule 341(h)(7). *Cwik v. Giannoulia*s, 237 Ill. 2d 409, 423 (2010). "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." *In re Marriage of Solano*, 2019 IL App (2d) 180011, ¶ 70. It is not our role to develop arguments and research the issues on behalf of an appellant (*U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 20), nor is the appellate court a depository into which a party may dump the burden of research (*Hall*, 2012 IL App (2d) 111151, ¶ 13). Here, the harsh sanction of striking Mark's brief is warranted because we cannot decipher his alleged claims of error due to the severe deficiencies we have outlined—most notably the failure to present any cohesive argument to support his claims of error—which are also unintelligible.

¶ 25 We can only guess that Mark's second and third arguments concern an assertion that the circuit court erred in the manner it conducted the February 13 hearing, as Mark asserted that the trial judge "conducted 2/13 evidentiary [hearing] with no consideration of confidential letter, petition for contempt, and Estate Response to Discovery." Even if Mark had submitted a lucid appellate brief, we almost certainly would have affirmed the trial court due to Mark's failure to present an adequate record on appeal. As noted, Mark has not filed any transcripts pertaining to any of the hearings, including that which occurred on February 13, 2019. Mark's description in

his brief of what transpired during the relevant hearings is not an acceptable substitute for a transcript. See *Coombs*, 111 Ill. App. 3d at 746 ("assertions in an appellate brief cannot serve as a substitute for a proper record"). Without any knowledge of what occurred at these hearings, we are unable to evaluate Mark's claim of error that the circuit court failed to consider his petition for contempt and the estate's response to his discovery requests. As the appellant, Mark was required to provide us, as the reviewing court, with a record that is sufficient to support his claims of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (the burden is on the appellant to provide a sufficiently complete record of trial proceedings to support his or her claims of error). Any doubts and deficiencies arising from an insufficient record are to be construed against the appellant. *Id*.; *In re Marriage of Abu-Hashim*, 2014 IL App (1st) 122997, ¶ 15. Because neither a transcript nor an appropriate substitute was filed, we must presume that the trial court's orders conformed to the law and had a sufficient factual basis. *In re Marriage of Gulla*, 234 Ill. 2d 414, 422 (2009). Put simply, "[i]t is not the obligation of the appellate court to search the record for evidence supporting reversal of the circuit court. *** When portions of the record are lacking, it will be presumed that the circuit court acted properly in entry of the challenged order and that the order is supported by the part of the record not before the reviewing court." *In re Marriage of Hofstetter*, 102 Ill. App. 3d 392, 396 (1981). In any event, we observe that the February 13, 2019, order belies Mark's assertion that the circuit court simply did not consider his contempt petition and the estate's discovery responses, as it states that the court "heard the testimony and reviewed the pleadings" and ruled that Mark's "motion for contempt is denied; the estate had a good faith basis for the delays in answering discovery." Moreover, the circuit court made a finding, as reflected in its written order, that "the Estate has satisfied all requests for discovery and has satisfied its obligation for the citation. The discovery citations are discharged."

¶ 26    Due to the abundant flagrant violations of the supreme court rules governing an appellant's brief, outlined above, we exercise our discretion to dismiss the appeal.  We recognize that Mark is a *pro se* litigant.  However, his status as such does not excuse his failure to comply with the rules of our supreme court governing appellate review (*Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001)), and we may not apply to him a more lenient standard (*In re Interest of A.H.*, 215 Ill. App. 3d 522, 529-30 (1991)).  Dismissal is warranted.

¶ 27                                  III. CONCLUSION

¶ 28    For the above-stated reasons, we dismiss the appeal.

¶ 29    Appeal dismissed.