2023 IL App (1st) 220270-U

No. 1-22-0270

Filed May 18, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KENYATTA BRIDGES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | 16 M1-014594 |
| | ) | |
| THE CITY OF CHICAGO, | ) | Honorable |
| | ) | Scott D. McKenna, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's grant of the City's motion *in limine*, where appellant failed to provide a record sufficient to enable this court to determine whether the trial court abused its discretion in granting the motion.

¶ 2    Plaintiff-appellant Kenyatta Bridges sued the City of Chicago (City) in the circuit court's Municipal Division asserting claims for willful and wanton conduct, and civil liability under 42 U.S.C. § 1983 and section 23/5(a) of the Illinois Civil Rights Act of 2003 (740 ILCS 23/5(a) (West 2016)). Plaintiff sought damages for injuries he allegedly sustained as a result of a "rough ride" in the rear compartment of a police vehicle. Plaintiff alleged that the City, through

members of the Chicago Police Department, engaged in conduct that was willful and wanton.[1]

¶ 3    Prior to trial, the court granted the City's motion *in limine*, which barred plaintiff from giving his lay testimony that his injuries were caused by the police. After trial, the jury returned a verdict in favor of plaintiff and awarded him $100 in damages. The court entered judgment on the verdict, plus costs.

¶ 4    Plaintiff argues on appeal that the trial court erred in granting the City's motion in *limine*. For the reasons that follow, we affirm.[2]

¶ 5                                I. BACKGROUND

¶ 6    Initially, we note that the record on appeal only includes the common law record. The record does not contain a report of proceedings, bystander's report, or other report for any proceedings that took place at trial or other hearings. The following summarized facts are taken from the briefs, the parties' pleadings, and other documents included in the common law record.

¶ 7    Plaintiff claimed that after he was arrested by unidentified members of the Chicago Police Department, he was handcuffed and locked "inside a rear compartment" of a police vehicle. Plaintiff contended that the compartment was hot, insufficiently ventilated, and lacked the "capacity to comfortably maintain" him. During his confinement, officers drove around making "rounds and engaged in tangential errands." The errands included transporting female arrestees who were allowed to ride in the cabin of the vehicle, an area intended for passengers.

¶ 8    The officers took plaintiff on what he described as a "rough ride." This entailed the officers operating the vehicle in such a manner as to intentionally cause plaintiff to be jostled and

---

[1]Plaintiff fails to identify the names of the officers involved and they were not named in his complaint.

[2]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

thrown about the interior of the vehicle. The "rough ride" combined with the other conditions of confinement caused plaintiff to injure his head, and according to him, altered his speech and gait.

¶ 9    Plaintiff filed suit against the City, alleging that in addition to his injuries, his civil rights were violated based on his race and gender. Prior to trial, the City filed the motion *in limine* at issue. The City pointed out that plaintiff's treating physician had opined that his stuttered speech and gait issues likely resulted from psychiatric problems. As a result, the City argued that expert medical testimony was required to establish a causal connection between plaintiff's injuries and the conduct of the officers.

¶ 10    The trial court granted the City's motion *in limine*, and after plaintiff's posttrial motions were denied, this appeal followed.

¶ 11                                    II. ANAYLSIS

¶ 12    Plaintiff argues the trial court erred in granting the City's motion *in limine*. The record on appeal does not contain a copy of the motion *in limine*. Nor does the record include a response to the motion *in limine*, a transcript of the hearing on the motion, a bystander's report of the hearing, or even a copy of the trial court's order granting the motion.

¶ 13    It is well established that an appellant has the burden to present a sufficiently complete record on appeal to support his claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of a sufficiently complete record, we will presume "that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id*.

¶ 14    "A motion *in limine* is addressed to the trial court's inherent power to admit or exclude evidence." *People v. Williams*, 188 Ill. 2d 365, 369 (1999). The motion is a pretrial motion in

which a party seeks to exclude inadmissible evidence and prohibit questioning concerning such evidence, "without the necessity of having the questions asked and objections thereto made in front of the jury." *Id.* at 368. A trial court's ruling on a motion *in limine* is reviewed for an abuse of discretion. *Swick v. Liautaud*, 169 Ill. 2d 504, 521 (1996). A trial court abuses its discretion only when its ruling is arbitrary, fanciful, or unreasonable, or no reasonable person would take the view adopted by the court, or when its ruling rests on an error of law. *People v. Olsen*, 2015 IL App (2d) 140267, ¶ 11.

¶ 15    In this case, the trial court's reasoning in granting the City's motion *in limine* appear in the plaintiff's brief, *i.e.*, that lay testimony was insufficient to establish a causal connection between plaintiff's injuries and the conduct of the police officers. However, "assertions in an appellate brief cannot serve as a substitute for a proper record." *Coombs v. Wisconsin National Life Insurance Co.*, 111 Ill. App. 3d 745, 746 (1982). Thus, while plaintiff's brief sheds some light as to the trial court's reasoning in granting the City's motion *in limine*, we cannot rely on the assertions in the brief absent a proper record on appeal.

¶ 16    Here, in light of the deferential standard of review applicable to motions *in limine* and given the fact that we do not have a record of the trial court's reasons for granting the City's motion *in limine*, we have no basis to find that the court's ruling was arbitrary or unreasonable. Pursuant to *Foutch*, we must presume that the trial court acted in conformity with the law and had a sufficient basis for its ruling. See, *e.g.*, *Centracchio v. Rossi Construction Co.*, 170 Ill. App. 3d 1007, 1013 (trial court's ruling on motion *in limine* presumed correct on appeal where appellant failed to include a copy of the motion or a transcript of the hearing on the motion in the record on appeal).

¶ 17    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 18    Affirmed.