2026 IL App (1st) 251201-U

FOURTH DIVISION
Order filed: February 19, 2026

No. 1-25-1201

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ROBERT CHARLES BOTTEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 M1 123665 |
| | ) | |
| MITCHELL JAY MELAMED, | ) | Honorable |
| | ) | Michael James Zink, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Presiding Justice Navarro and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Circuit court's order granting defendant's motion for a directed verdict and entering judgment in favor of defendant is affirmed, as the appellant did not provide a report of proceedings or an acceptable substitute to allow review of appellant's claims of error.

¶ 2    Plaintiff Robert Charles Botten ("Botten"), *pro se*, appeals from the order of the circuit court of Cook County granting the motion for a directed verdict filed by defendant Mitchell Jay Melamed ("Melamed") and entering judgment in favor of Melamed. For the following reasons, we affirm.

¶ 3    The record on appeal consists of a single volume of the common law record, with no report of proceedings. The following background is derived from that record.

¶ 4    Botten filed a *pro se* complaint against Melamed, an attorney, alleging a violation of the False Claims Act, 740 ILCS 175/3 (West 2024). The complaint related to Melamed's alleged misconduct in relation to his legal representation of Botten. Attached to the complaint were documents which provide background of Melamed's representation of Botten.

¶ 5    In September 2023, the Illinois State Bar Association referred Botten to Melamed for purposes of probate and estate planning. Shortly afterwards, Botten wrote a letter to Melamed asking for assistance in drafting a will. Melamed responded by acknowledging receipt of Botten's letter and asking for additional information. Melamed's response also provided the terms of his representation, which stated that the fee for preparing the will was $2,500 and that any payment was due within 30 days after a billing statement was received. Botten wrote back sending some of the requested information and a check in the amount of $2,500 for Melamed's fee. Botten also requested an "extension" to send the remaining information, which he apparently believed was due within 30 days. Melamed never responded. Botten sent the remaining information and wrote letters to Melamed asking for an update in January and February of 2024, but Melamed did not respond.

¶ 6    In February 2024, Botten filed a complaint about Melamed with the Illinois Attorney Registration and Disciplinary Commission ("ARDC"), which was dismissed.

¶ 7    In March 2024, Melamed sent a letter to Botten terminating the attorney-client relationship and advising Botten to contact other counsel to assist with drafting a will. Melamed also returned the check that Botten had sent to pay Melamed's fee.

¶ 8 The matter was set for trial in May 2025. Prior to trial, Melamed filed a motion *in limine* to bar any evidence of the ARDC inquiry under Supreme Court Rule 766. There is no order in the record showing a ruling on the motion. The matter apparently proceeded to trial as scheduled, although there is no record of any testimony taken at trial. During trial, Melamed filed a motion for a directed verdict, arguing that Botten lacked standing to sue under the False Claims Act since he was not a state actor and was not acting as an agent of the state, and to the extent to which Botten alleged a legal malpractice claim, he failed to support that claim with expert testimony to establish that Melamed breached the applicable standard of care for an attorney and failed to provide evidence of any damages suffered as a result of any alleged malpractice. The circuit court granted the motion and entered judgment in favor of Melamed. This appeal follows.

¶ 9 On appeal, Botten raises several arguments in his brief which overlap each other. Generally, he argues that the circuit court erred by (1) granting Melamed's motion for a directed verdict; and (2) granting Melamed's motion *in limine* to bar evidence of the ARDC inquiry.

¶ 10 Initially, we address two issues with the record on appeal. First is the parties' attempts to supplement the record. Both parties filed motions to supplement the record on appeal, and attached proposed supplemental records to their motions. Both motions were granted, and the parties were instructed to file their supplement to the record. Neither party did so. As no supplemental record was filed, we cannot consider the proposed supplements attached to the parties' motions. See Ill. Sup. Ct. R. 329 (eff. Jul. 1, 2017) (certified supplement to the record "shall be filed in the reviewing court upon order issued pursuant to motion.").

¶ 11 Second and more crucial to our review, while the issues raised in this appeal relate to the circuit court's rulings on Melamed's motion *in limine* and motion for a directed verdict at trial, we

have no report of proceedings or other substitute under Supreme Court Rule 323. Ill. Sup. Ct. R. 323 (eff. Jul. 1, 2017). "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.*

¶ 12     As we have no report of proceedings, we have no record of what testimony or evidence was presented at trial in support of Botten's claim, and we cannot evaluate his argument that the circuit court erred by granting Melamed's motion for a directed verdict. Therefore, we must presume that the circuit court did not err in granting Melamed's motion for a directed verdict. *Id.*; *Hye Ra Han v. Holloway*, 408 Ill. App. 3d 387, 391 (2011).

¶ 13     The lack of a report of proceedings also prevents our review of Botten's claim that the circuit court erred by granting Melamed's motion *in limine*. While the parties appear to agree that the motion *in limine* was granted, we cannot make that presumption without a proper record. *Coombs v. Wisconsin National Life Insurance Co.*, 111 Ill. App. 3d 745, 746 (1982) ("[A]ssertions in an appellate brief cannot serve as a substitute for a proper record."). Without a transcript or record of any proceedings on Melamed's motion *in limine* or an order ruling on the motion, we cannot review whether the circuit court's ruling was an abuse of discretion. See *Swick v. Liautaud*, 169 Ill. 2d 504, 521 (1996) (order granting motion *in limine* is reviewed for an abuse of discretion). Therefore, we cannot find that any error occurred. See *Bridges v. City of Chicago*, 2023 IL App (1st) 220270-U, ¶ 16 ("[I]n light of the deferential standard of review applicable to motions *in limine* and given the fact that we do not have a record of the trial court's reasons for granting the

City's motion *in limine*, we have no basis to find that the court's ruling was arbitrary or unreasonable.").

¶ 14    Even if we considered the documents that each party attached to their motions to supplement the record, it would not change our analysis. Neither proposed supplement includes a report of proceedings or an acceptable substitute under Rule 323 or any order granting or denying Melamed's motion *in limine*.

¶ 15    For the foregoing reasons, we affirm the order of the circuit court.

¶ 16    Affirmed.