2020 IL App (1st) 182079-U

FIRST DIVISION
November 23, 2020

No. 1-18-2079

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| MARGARETTE WAFER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 15 CH 13793 |
| | ) | |
| HELEN LATIMORE, | ) | The Honorable |
| | ) | Sophia Hall, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE PIERCE delivered the judgment of the court.
Presiding Justice Walker and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Judgment of the circuit court is affirmed.

¶ 2     Plaintiff, Margarette Wafer, appeals from the circuit court's entry of final judgment in favor of defendant, Helen Latimore. The circuit court entered judgment in favor of defendant on plaintiff's complaint for partition and defendant's counterclaim for unjust enrichment. Plaintiff argues that there was not sufficient evidence to show plaintiff made improper withdrawals from the joint bank accounts, that the trial court incorrectly applied the law of joint tenancy when it determined she misappropriated funds from the joint bank accounts, that the trial court improperly

relied on hearsay evidence to calculate the monetary amounts owed by plaintiff and defendant, and that the trial court's calculation of the amount of the money judgment was not supported by the evidence. Defendant argues that the appeal should be dismissed for plaintiff's failure to submit a brief that complies with Illinois Supreme Court Rule 341 (eff. May 25, 2018). For the following reasons, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4      Ruth Harris, the parties' mother, owned a two flat property located on South Paxton Avenue in Chicago ("the Paxton property"). In 1997, Harris moved in with plaintiff. In 1999, Harris executed a quit claim deed gifting the Paxton property to plaintiff and defendant as joint tenants. That same year, Harris moved into Warren Barr Nursing Home, where she lived until her death in 2001. Plaintiff and defendant held joint bank accounts from which they paid their mother's living expenses.

¶ 5      On September 28, 2015, plaintiff filed a complaint for partition of the Paxton property pursuant to 735 ILCS 5/17-101 (West 2014). In her complaint, plaintiff requested the division of certain personal property in addition to the real property, including household furniture, a 1964 Chevrolet, and a 1984 Cadillac. Plaintiff also requested an accounting of all sums expended by the parties in connection with the Paxton property.

¶ 6      On October 23, 2015, defendant filed her answer, affirmative defenses, and counterclaim for unjust enrichment. Defendant alleged that plaintiff rented out the Paxton property and collected over $185,000 in rental income which was not shared with defendant. Defendant alleged that she used "thousands of dollars" of her own funds to maintain the Paxton property, but that plaintiff has not reimbursed her for these expenses. Further, defendant alleged that plaintiff depleted the

funds in the parties' joint checking account for her personal use and failed to account for the use of those funds.

¶ 7     The circuit court ordered plaintiff and defendant to file an agreed statement of facts prior to trial, which they did on October 12, 2016. Trial was set for October 17, 2016. The record contains no report of proceedings or certified bystander's report of proceedings for the trial as provided for in Illinois Supreme Court Rule 323 (eff. July 1, 2017). The record reflects that the parties could not come to an agreement regarding the testimony at trial, and that the circuit court therefore ordered plaintiff and defendant to file post-trial memoranda and responses addressing any disputed testimony.

¶ 8     On April 14, 2017, the circuit court entered an order stating its findings of fact and conclusions of law. In its order, the circuit court stated that it heard testimony from plaintiff, defendant, and defendant's son, Barry Latimore, at trial. The circuit court also stated that it "received exhibits which included Bank Statements and a Summary of the deposits and expenses that appear on them." The circuit court stated that it would accept those facts asserted in the parties' post-trial memoranda that were undisputed but would disregard any fact asserted in the post-trial memoranda "where the parties' representation as to that testimony are in contradiction."

¶ 9     The circuit court's findings of fact can be summarized as follows. Harris gave plaintiff and defendant $50,000, which the parties used to open a joint checking account and a joint savings account with Harris Bank. Plaintiff was in sole possession of the joint account statements, but she only produced "some of" them. The statements show that the plaintiff "made 'almost all' of the withdrawals from the accounts from 1999 to 2013." Plaintiff used funds from the joint accounts to pay $28,410 in property taxes and $17,050 in homeowners' insurance for the Paxton property.

Defendant used funds from the joint accounts to pay $27,375 for Harris's stay at Warren Barr Nursing Home.

¶ 10    Plaintiff received $60,000 in rental income from a tenant who occupied the second-floor unit of the Paxton property from 1999 to 2009. Defendant received $22,755 in rental income from various tenants who occupied the second-floor unit over various periods from 2009 through 2016, and she deposited $6500 of this income into her Citibank account.

¶ 11    Plaintiff's daughter occupied the property from 2004 to 2014 and paid no rent. Defendant's son occupied the property from 2013 through the date of the April 14, 2017, order and paid no rent. The estimated rental value of the property was $350 per month, indicating the value of plaintiff's daughter rental was $42,000 and the value of defendant's son's rental was $12,600.

¶ 12    Defendant used her personal funds to pay property taxes, homeowner's insurance, floor installation, and painting for the Paxton property in the amount of $17,073.21. Plaintiff used funds from the joint accounts to pay the mortgage on her personal residence and incurred personal charges for a resort, "Jewel," and "Web Peoples Firstect" in the amount of $14,509.37.

¶ 13    On plaintiff's complaint for partition, the circuit court found that plaintiff was responsible for bills related to the Paxton property from 1999 to 2013 but provided an incomplete accounting of these expenses. The circuit court ordered plaintiff to provide a complete accounting. The circuit court found that defendant was responsible for the bills related to the Paxton property from 2013 through 2017 and should be reimbursed by plaintiff for half of those expenses. The circuit court also found that the parties' failure to seek rent from their children resulted in the waiver of any claims to that money or raised an implied agreement between the parties not to seek that rent. As for defendant's counterclaim of unjust enrichment, the court found that plaintiff appropriated

$14,509.37 from the joint accounts for her personal use and entered judgment against her for $14,509.37. Finally, the circuit court ordered the partition and sale of the Paxton property.

¶ 14 On July 3, 2017, Plaintiff filed an amended motion to reconsider the court's April 14, 2017, order, which the circuit court denied.

¶ 15 On July 18, 2018, the circuit court ordered the parties to "stipulate to the proofs/exhibits presented and entered at trial and provide said documents to the court and an agreed statement of facts by July 30, 2018." Defendant filed a motion describing the parties' difficulty in obtaining a signed stipulation, objecting to plaintiff's submission of "*ex parte* exhibits" to the trial court, and requesting that the trial court enter defendant's exhibits attached to the motion. The motion was withdrawn on August 28, 2018. The record contains no agreed statement of facts for the trial as provided for in Illinois Supreme Court Rule 323 (eff. July 1, 2017), nor does it contain a stipulation to the exhibits offered or admitted at trial.

¶ 16 On August 28, 2018, the circuit court entered its final judgment. The court found that the appraised value of the Paxton property was $117,500. The court also corrected two "scrivener's errors" in the April 14, 2017, order to reflect that defendant had received $22,775 (not $22,755) in rental income from the Paxton property, of which $6300 (not $6500) was deposited in her Citibank account. The court ordered that defendant be allowed to purchase plaintiff's 50% interest in the Paxton property for $58,750, less credits and setoffs. The court found that, "after tabulation of all credits and expenses through July 18, 2018," plaintiff was entitled to receive $63,900 from defendant, and defendant was entitled to receive $89,069.55 from plaintiff. The court then ordered that plaintiff execute a quit claim deed to transfer her interest in the Paxton property to defendant.

¶ 17 Plaintiff filed her notice of appeal on September 25, 2018.

¶ 18    Plaintiff filed her appellant's brief on March 11, 2019. No appellee brief was filed. On July 25, 2019, on our own motion, we struck appellant's brief for failure to comply with Illinois Supreme Court Rule 341 (eff. May 25, 2018). We found that plaintiff failed to provide an adequate statement of jurisdiction, a statement of the standard of our review, and citations to the record in her brief. We also found that plaintiff's appendix failed to comply with Illinois Supreme Court Rule 342 (eff. July 1, 2017). We directed plaintiff to resources that would assist her in preparing her brief, and gave plaintiff leave to file a new brief in compliance with the Illinois Supreme Court Rules.

¶ 19    Plaintiff filed her second appellant's brief on January 8, 2020.

¶ 20                                    II. ANALYSIS

¶ 21    Defendant filed a motion to dismiss this appeal because plaintiff's second brief again violates Illinois Supreme Court Rule 341. Defendant did not file an appellee brief.

¶ 22    "Compliance with Rule 341 is mandatory, and this court has the discretion to strike an appellant's brief and dismiss an appeal for failure to comply with Rule 341." *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 25. A litigant is not relieved of his obligation to comply with the appellate practice rules by virtue of her *pro se* status. *Id.* at ¶ 26.

¶ 23    We agree with defendant that plaintiff's second appellant's brief fails to comply with Rule 341(h) (eff. May 25, 2018). Plaintiff has again failed to provide an adequate statement of jurisdiction in violation of Rule 341(h)(4)(ii), which requires "a brief, but concise statement or explanation *** of the basis for appeal including the supreme court rule or other law which confers jurisdiction upon the reviewing court[.]" As we noted in our July 25, 2019, order striking plaintiff's first brief, plaintiff's broad statement that we have jurisdiction to hear this appeal pursuant to "Illinois Supreme Court Rule 301 thru 384" is insufficient to satisfy Rule 341.

¶ 24    Plaintiff has also failed to identify our standard review for any of the issues she presents for review in violation of Rule 341(h)(3). Rule 341(h)(3) requires a "concise statement of the applicable standard of review for each issue, with citation to authority, either in the discussion of the issue in the argument or under a separate heading placed before the discussion in the argument." Our review of plaintiff's second brief finds no such statement of the standard of review for any of the three issues she presents on appeal.

¶ 25    Defendant further argues that plaintiff's second brief violates Rules 341(h)(6) and 341(h)(7) because it contains conclusory statements of fact, references to facts outside the record on appeal, and citations to authority without analysis. We note that plaintiff has newly included some citations to the record in her second brief, but she discusses facts outside the record and has failed to develop many of her contentions on appeal.

¶ 26    Where we have jurisdiction over an appeal, we may consider the issues raised on appeal despite deficiencies in the appellant's brief. *Fryzel*, 2014 IL App (1st) 120597, ¶ 25. We find we jurisdiction to hear plaintiff's appeal under Illinois Supreme Court Rule 303 (eff. July 1, 2017). Where the record is simple and the claimed errors may be decided without the benefit of the appellee's brief, we may determine the merits of the appeal. *First Capitol Mortgage Corporation v. Talandis Construction Corporation*, 63 Ill. 2d 128, 133 (1976).  In the absence of an appellee brief, we will reverse the judgment of the trial court if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record. *Id.* Therefore, in an exercise of our discretion, we decline to dismiss plaintiff's appeal and we review the record for a showing of *prima facie* reversible error.

¶ 27    The first two issues plaintiff identifies for our review, "[w]hether the plaintiff owes any amount of money to the defendant," and "[w]hether the evidence at trial justified the court's

findings of fact," essentially ask this court to decide whether the evidence at trial was sufficient to support the trial court's judgment in favor of defendant. Plaintiff argues that there was not sufficient evidence to show plaintiff made improper withdrawals from the joint bank accounts, that the trial court incorrectly applied the law of joint tenancy when it determined she misappropriated funds from the joint bank accounts, that the trial court improperly relied on hearsay evidence to calculate the monetary amounts owed by plaintiff and defendant, and that the trial court's calculation of the amount of the money judgment was not supported by the evidence.

¶ 28    It is well settled that it is the duty of the appellant "to provide the court of review with a sufficient record in order to establish error." *Webster v. Hartman*, 195 Ill. 2d 426, 436 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). The purpose of this rule is "so that the reviewing court may be fully informed of the issues before it." *Belcher v. Spillman*, 28 Ill. App. 3d 973, 975 (1975). "[W]here the record does not disclose all of the evidence to the reviewing court, we are required to assume that the evidence heard by the trial court is sufficient to support the judgment." *Id.* "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392. Thus, " 'it is presumed that the court heard adequate evidence to support the decision that was rendered' unless the record indicates otherwise." *Webster*, 195 Ill. 2d at 433 (quoting *Skaggs v. Junis,* 28 Ill. 2d 199, 201-02 (1963)).

¶ 29    Without a report of proceedings, agreed statement of facts, or record of the exhibits admitted at trial, we simply have no means of determining whether plaintiff's claimed errors by the trial court find any support in the record. We cannot examine the relative strength of any trial testimony or trial exhibits because there is no record of what testimony was given or what exhibits were presented or admitted. We cannot review the trial court's calculation of the judgment amount entered against the plaintiff because we do not have a record of the bank statements and other

evidence that was relied upon by the trial court in making this calculation. Because we have no record of the evidence at trial, we cannot find that plaintiff has demonstrated *prima facie* reversible error in the trial court's judgment.

¶ 30    Similarly, without a record of the facts established at trial, we cannot find that the trial court erred in its application of the evidence to the law. Because we do not have a record of the evidence regarding the creation and use of the joint bank accounts, we cannot find that the trial court erred in holding that plaintiff misappropriated funds from those accounts. Without a record of the testimony given and the exhibits that were admitted into evidence, we cannot determine whether the trial court properly relied on admissible evidence to support its judgment. Thus, we have an inadequate basis to find that plaintiff's contentions of error are supported by the record before us.

¶ 31    Plaintiff also argues that the trial court erred in "changing the designation of whom paid the [nursing home] expenses and thereafter labeling its reasoning a 'scrivener's error.' " Our review of the record does not show that the trial court corrected any such scrivener's error. Rather, the record shows that the trial court corrected two scrivener's errors related to the amount of rent taken in by defendant. On August 28, 2018, the court corrected two scrivener's errors in its April 14, 2017, order to state that defendant received $22,775 (not $22,755) in rental income from the Paxton property, of which $6,300 (not $6,500) was deposited in her Citibank account. To the extent that plaintiff complains of these corrections, we again cannot find based on the record before us that the trial court erred in these corrections.

¶ 32    Finally, plaintiff argues that the circuit court erred in denying her attorney leave to withdraw as counsel. Plaintiff asserts in her brief that the order denying her attorney leave to withdraw is not included in the record but instead is in her possession. Plaintiff did not file a motion

to supplement the record to include this order. "This court may take cognizance of only those contentions which are supported by the record and counsel cannot supplement the record by unsupported statements in either his brief or argument." *Witek v. Leisure Technology Midwest, Inc.*, 39 Ill. App. 3d 637, 641 (1976). Because the order plaintiff complains of is not properly before this court, we cannot address plaintiff's argument that the trial court erred in denying her attorney leave to withdraw as counsel.

¶ 33                                     III. CONCLUSION

¶ 34     For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 35     Affirmed.